1 | Eugene P. Ramirez (State Bar No. 134865)
   *epr@manningllp.com*
2 | Angela M. Powell (State Bar No. 191876)
   *amp@manningllp.com*
3 | Michael Watts (State Bar No. 312210)
   *mrw@manningllp.com*
4 | **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5 | 801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6 | Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7 |
8 | Attorneys for Defendants, COUNTY OF
   VENTURA, WILLIAM HANEY, SR.,
   ESTATE OF FREDERICK A. JONES,
9 | JAMES HENDERSON, EDWARD
   VASQUEZ, JAMES SCHWARZ,
10 | SANDRA TAYLOR, SHANIN
   SULLIVAN, SANDRA VANNI, and
11 | NORM FORT

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 |

15 | CRAIG COLEY,                          Case No. 2:18-CV-10385-PA-JDE

16 |           Plaintiff,                  *Assigned for all purposes to Hon. Percy Anderson*

17 |      v.

18 | VENTURA COUNTY; WILLIAM          **NOTICE OF MOTION AND**
     MAXWELL; FRED JONES; KEVIN      **MOTION BY DEFENDANTS TO**
19 | McGEE; WILLIAM HANEY, SR.;       **DISMISS CLAIMS AGAINST**
     JAMES HENDERSON; GLEN           **DEFENDANTS FROM PLAINTIFF'S**
20 | KITZMANN; EDWARD VASQUEZ;        **FIRST AMENDED COMPLAINT**
     AL JALATY; NORMA FORT; TOM      **UNDER FRCP 12(b)(6) AND 12(B)(7);**
21 | KOTOWSKI; ROBERT KERR; GARY      **MEMORANDUM OF POINTS AND**
     SMITH; DEPUTY SCHWARTZ;         **AUTHORITIES IN SUPPORT**
22 | DEPUTY TAYLOR; SANDRA VANNI;
     SHANIN SULLIVAN; ROBERT         *Filed concurrently with Declaration of*
23 | RUBIN; DAN SHONEMAN; and DOES    *Angela M. Powell and [Proposed] Order*
     1-10, Inclusive,
24 |                                  Date:    September 9, 2019
             Defendants.             Time:    1:30 p.m.
25 |                                  Crtrm.:  9A

26 |                                  Complaint Filed: December 14, 2018

27 |

28 |

Case No. 2:18-CV-10385-PA-JDE

**MOTION TO DISMISS PURSUANT TO 12(B)(6)**

**TO PLAINTIFF CRAIG COLEY AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 9, 2019, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable PERCY ANDERSON, located in the United States Courthouse, 350 West First Street, Courtroom 9A, Ninth Floor, Los Angeles, California, 90012, DEFENDANTS VENTURA COUNTY, WILLIAM HANEY, SR., ESTATE OF FREDERICK A. JONES, JAMES HENDERSON, EDWARD VASQUEZ, JAMES SCHWARZ, SANDRA TAYLOR, SHANIN SULLIVAN, SANDRA VANNI, and NORM FORT, (collectively "Defendants") will and hereby move this Court for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

This Motion is made upon the following grounds:

1.     With the exception of Claim 1, all other claims, both the federal claims under 42 U.S.C. §1983 and state claims in the first amended complaint, are all barred by the statute of limitations; and

2.     Plaintiff has failed to join an indispensable party as a defendant in this action.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Angela M. Powell filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

In accordance with C.D. Cal. Local Rule 7-3, this motion is made following the conference of counsel initiated through correspondence on August 1, 2019 and concluded by phone on August 7, 2019. (Decl. Angela M. Powell, ¶¶3-4, Exh. A.)

///
///
///
///

**MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    However,  the parties were unable to resolve all of the issues in dispute,
2  necessitating resolution by this honorable court through this motion.

3  DATED:  August 9, 2019          **MANNING & KASS**
4                                           **ELLROD, RAMIREZ, TRESTER LLP**

5

6                                           By:  _____/s/ Angela M. Powell_____
7                                                Eugene P. Ramirez
8                                                Angela M. Powell
                                                 Attorneys for Defendants, COUNTY OF
9                                                VENTURA,  WILLIAM  HANEY,  SR.,
10                                               ESTATE  OF  FREDERICK A.  JONES,
                                                 JAMES     HENDERSON,      EDWARD
11                                               VASQUEZ, JAMES SCHWARZ, SANDRA
12                                               TAYLOR, SHANIN SULLIVAN, SANDRA
                                                 VANNI, and NORM FORT
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                    Case No. 2:18-CV-10385-PA-JDE
**MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)**

1

2

# **TABLE OF CONTENTS**

Page

3    MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 8

4    1.    Introduction ............................................................................................... 8

5    2.    Factual Summary ....................................................................................... 8

6    3.    Legal Standard on Motion to Dismiss ...................................................... 9

7    4.    Plaintiff's Claims 2-9 Are Barred By The Applicable Statute of Limitations And Should Be Dismissed .................................................... 11

8

9          A.    Federal Claims ............................................................................... 11

10               1.    Conspiracy - Second Claim ................................. 13

11               2.    *Brady, Garcia, Moody* – Third Claim ................. 14

12               3.    Post-Trial Suppression of Exculpatory Evidence – Fourth Claim .......................................................... 15

13               4.    Supervisory Liability Claim – Fifth Claim ............. 15

14               5.    *Monell* – Sixth Claim ......................................... 16

15         B.    State ............................................................................................... 17

16   5.    Plaintiff's Claims Against the Estate of Frederick Jones Is Also Barred by The Statute of Limitations Under the California Codes of Civil Procedure §§366.2 and 551 ................................................................................... 19

17

18   6.    Plaintiff's Complaint Should be Dismissed for Failing to Join an Indispensable Party – FRCP 12(b)(7) ................................................... 19

19

20   7.    Conclusion ............................................................................................... 21

21

22

23

24

25

26

27

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)**

1

# TABLE OF AUTHORITIES

2

**Page**

3

## FEDERAL CASES

*Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991) ............................14

*Canatella v. Van De Kamp*, 486 F.3d 1128 (9th Cir. 2007) .......................................11

*Cannon v. City of Petaluma*, 2012 U.S. Dist. LEXIS 49121 (2012) .........................10

*Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083 (9th Cir. 2002) ...................................10

*City of Canton v. Harris*, 489 U.S. 378 (1989) .......................................................17

*Connick v. Thompson*, 563 U.S. 51 (2011) .........................................................16, 17

*DA's Office v. Osborne*, 557 U.S. 52 (2009) ...........................................................14

*Doe v. United States*, 58 F.3d 494 (9th Cir. 1995) ...................................................10

*Felarca v. Birgeneau*, 891 F.3d 809 (9th Cir. 2018) ...............................................15

*Franklin v. Fox*, 312 F.3d 423 (9th Cir. 2002) ...................................................13, 21

*Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986) ...........................................13

*Gilbrook v. City of Westminster*, 177 F.3d 839  (9th Cir. 1999) .........................13, 20

*Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002) ..............................................11

*Heck v. Humphrey,* 512 U.S. 477 (1994) ..............................................12, 13, 14, 16

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ...................................10

*In re Toyota Motor Corp.*, 785 F.Supp.2d 883 (Cal. C.D. 2011) ..............................20

*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116 (9th Cir. 2008) .....................10

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) .........................................................10

*Lukovsky v. City & County of San Francisco*, 535 F.3d 1044 (9th Cir. 2008) ..........11

*Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472 (C.D. Cal.·
2015) ................................................................................................................10

*Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916 (9th Cir. 2008) .............................10

*Marlowe v. City & Cty. of San Francisco,* 753 Fed. Appx. 479 (9th Cir. 2019) .......17

*McDonough v. Smith*, 139 S. Ct. 2149 (2019) .........................................................12

*Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019) .............................................11

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Case No. 2:18-CV-10385-PA-JDE
**MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)**

*Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000)................................11

*N. Alaska Entl. Ctr. v. Hodel*, 803 F.2d 466 (9th Cir. 1986).................................20

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)........................................................10

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ........................................................16

*Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.)*, 846 F.3d 313 (9th Cir. 2017)................................................................20

*Sain v. City of Bend*, 309 F.3d 1134 (9th Cir. 2002) ...............................................11

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)...........................10

*Tatung Co. v. Shu Tze Hsu*, 43 F.Supp.3d 1036 (Cal. C.D. 2014) ...........................20

*Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997) ....................................11

*Vignolo v. Miller*, 120 F.3d 1075 (9th Cir. 1999)....................................................10

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010)................................................................10

*Wallace v. Kato*, 594 U.S. 384 (2007)......................................................12, 14, 16

*Wilson v. Hays*, 228 F.Supp.3d 1100 (Cal. S.D. 2017) ............................................17

*Young v. City of Visalia*, 687 F.Supp.2d 1141 (2009) ..............................................17

*Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017) ..................................................................21

**STATE CASES**

*Brooks v. Mercy Hospital*, 1 Cal.App.5th 1  (2016) ................................................12

*Dillon v. Board of Pension Comm'rs*, 18 Cal.2d 427 (1941)....................................11

*Javor v. Taggart*, 98 Cal.App.4th 795 (2002) ........................................................18

*McMartin v. County of L.A.*, 202 Cal.App.3d 848 (1988)........................................18

*Ovando v. County of Los Angeles*, 159 Cal.App.4th 42 (2008) ...............................18

*Ridley v. City & County of San Francisco*, 272 Cal.App.2d 290 (1969) ..................18

**FEDERAL STATUTES**

42 U.S.C. §1983 ....................................................................................................passim

Federal Rules of Civil Procedure 12(b)(6) ......................................................8, 9, 10

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

**MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)**

Federal Rules of Civil Procedure 12(b)(7) ..................................................8, 19, 20

Federal Rules of Civil Procedure 19 ...............................................................19

## **STATE STATUTES**

Cal. Civ. Pro. §335.1 ...........................................................................11

Cal. Civ. Pro. §366.2 ...........................................................................19

Cal. Civ. Pro. §551 .............................................................................19

Cal. Civ. Proc. §352.1 .....................................................................12, 18

Cal. Gov't Code §901 ...........................................................................18

Cal. Gov't Code §911.2 .........................................................................18

Cal. Gov't Code §945.4 .........................................................................17

Cal. Gov't. Code §945.3 ....................................................................11, 18

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    Introduction

Plaintiff has filed this civil rights action based on his wrongful conviction occurring in 1980. Plaintiff's facts in summary alleged that Mr. Robert Klamser, a former detective with Simi Valley Police Department, fabricated evidence and conducted an investigation in an unconstitutional manner thereby causing a deprivation of plaintiff's right to a fair trial in Ventura County, and his incarceration for approximately 39 years. The Defendants in this case are solely employees of Ventura County and Ventura County. Mr. Klamser and Simi Valley have not been joined. Defendants move to dismiss claims 2-9 on the basis that they are barred by the statute of limitations pursuant to Federal Rules of Civil Procedure 12(b)(6), and move to dismiss the first amended complaint for failing to join Mr. Klamser as an indispensable party under Federal Rules of Civil Procedure 12(b)(7). Defendants request that the claims barred by the statute of limitations be dismissed with prejudice.

## 2.    Factual Summary[1]

On November 11, 1978, Rhonda Wicht and her four-year-old son, Donald Wicht, were murdered. (First Amended Complaint ("FAC"), ¶3.) Simi Valley Police Detective Robert Klamser ("Klamser") was assigned as the lead investigator. (FAC, ¶3.) Klamser was assisted in the investigation of the murders by various Ventura County employees at the District Attorney's Office, the Sheriff's Department, and the County Medical Examiner. (FAC, ¶3.) It was known within the Simi Valley Police Department that Klamser would engage in unconstitutional conduct. (FAC, ¶37.) Ventura County Defendants presumed that Klamser produced to them all exculpatory evidence. (FAC, ¶38.)

Mr. Craig Coley ("plaintiff"), was arrested on suspicion of these murders on the

---

[1] All facts are taken from Plaintiff's First Amended Complaint and are assumed true solely for purposes of this motion.

Manning&Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

same date, November 11, 1978. (FAC, ¶4.) Plaintiff maintained his innocence and provided DNA samples and consented to searches of his apartment and car. (FAC, ¶5.) Klamser also obtained and executed warrants for searches of Mr. Coley's apartment. (FAC, ¶52.) Plaintiff produced alibis for the time frame of when the murders were alleged to have been committed. (FAC, ¶¶47-48.)

Plaintiff's first trial in 1979 ended in a hung jury. (FAC, ¶9.) Plaintiff was retried and was convicted on January 3, 1980, and sentenced to life without the possibility of parole on February 26, 1980. (FAC, ¶¶10, 18.)

On October 16, 1985, an Order for Disposition of Criminal Evidence was filed in the Ventura County Superior Court. (FAC, ¶69.) On November 26, 1985, evidence of the Wicht murder case was destroyed. (FAC, ¶69.) On September 19, 1986, plaintiff filed a petition for post-conviction relief which was denied on January 7, 1987. (FAC, ¶71.) Plaintiff appealed the denial on February 26, 1987, which was denied on April 1, 1987. (FAC, ¶72.)

In 1989, Simi Valley Police Detective Michael Bender began reinvestigating plaintiff's case, and from 1989-2017 informed Ventura County officials and employees that plaintiff was innocent. (FAC, ¶11.) On November 18, 1992, Klamser falsely arrested Paul Nolan, a fellow Simi Valley police officer. (FAC, ¶82.) On June 30, 1994, Klamser was forced to retire from the Simi Valley Police Department based on a finding of mental incapacitation. (FAC, ¶84.)

In 2016, Governor Brown ordered plaintiff's case reinvestigated and plaintiff was exonerated by DNA evidence. (FAC, ¶13.) On November 22, 2017, the governor granted plaintiff's petition for clemency and plaintiff was released. (FAC, ¶14.) On November 29, 2017, the Ventura County District Attorney's Office joined in plaintiff's factual innocence motion which was granted by Ventura County Superior Court. (FAC, ¶14.) Plaintiff was in prison for 39 years. (FAC, ¶1.)

**3.    Legal Standard on Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed

because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Claims may be dismissed under Rule 12(b)(6) if it is apparent on the face of the complaint that the claims are barred by the statute of limitations. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.,* 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). However, the Court is <u>not</u> required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may not accept legal allegations without proper factual support. *Cannon v. City of Petaluma*, 2012 U.S. Dist. LEXIS 49121 at 48 (2012).

The Court has discretion to dismiss the complaint with <u>or</u> without leave to amend. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-1131 (9th Cir. 2000); *accord Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. 2015). Leave to amend should be granted if it appears plausible that the defects in the complaint could be corrected. *Id.* Thus, if a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). <u>But, if after careful review it becomes clear that a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend.</u> *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *Machul*, 2015 U.S. Dist. LEXIS 52472 at *6. In other words, leave to amend need not be granted when

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1  amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

2      Plaintiff has alleged violations of 42 U.S.C. §1983 for alleged actions which

3  largely occurred in 1978-1980. These actions are barred by the statute of limitations and

4  should be dismissed.

5  **4.    Plaintiff's Claims 2-9 Are Barred By The Applicable Statute of Limitations**

6  **And Should Be Dismissed**

7      **A.    Federal Claims**

8      Federal courts borrow state residual statute of limitations on claims under 42

9  U.S.C. §1983 claims. In California, personal injury claims due to wrongful or negligent

10  conduct has a two year statute of limitations. Cal. Civ. Pro. §335.1. The state statute of

11  two years applies to §1983 claims as well as tolling rules, unless application of these

12  laws are inconsistent with federal law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132

13  (9th Cir. 2007); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002).

14      Accrual on claims is determined by federal law even though the limitations

15  period is governed by state law. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-

16  1154 (9th Cir. 2000). A claim accrues under federal law when a plaintiff knows or has

17  reason to know of the injury which is the basis of the action. *Id*. at 1154. The accrual

18  date is when the statute of limitations began to run. *Lukovsky v. City & County of San*

19  *Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008); *Dillon v. Board of Pension Comm'rs*,

20  18 Cal.2d 427, 430 (1941). Therefore, all of Coley's federal claims based on his initial

21  arrest, prosecution and imprisonment, each needed to be filed within two years of those

22  events unless tolled.

23      The statute of limitations tolls while a criminal case is pending in Superior Court.

24  Cal. Gov't. Code §945.3. The statute expressly excludes the appellate process thus the

25  statute is only tolled from arrest to sentencing. *Torres v. City of Santa Ana*, 108 F.3d

26  224, 226-28 (9th Cir. 1997). Recently, in *Mills v. City of Covina*, 921 F.3d 1161, 1168

27  (9th Cir. 2019), the court explained that causes of action are not tolled during appeals

28  subsequent to criminal conviction under state law. Therefore, Coley's civil rights claims

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1  tolled from November 11, 1978 through February 26, 1980 and claims which had

2  accrued by that time would have required Mr. Coley to file his claims by February 26,

3  1982 in order to be timely. Tolling for imprisonment under Cal. Civ. Proc. §352.1

4  would not apply, as Mr. Coley was sentenced to life without the possibility of parole.

5  (FAC, ¶65, p.18:6-10); *See Brooks v. Mercy Hospital*, 1 Cal.App.5th 1, 6 (2016).

6      Potential bars to a cause of action based on *Heck v. Humphrey,* 512 U.S. 477

7  (1994), do not delay accrual for the filing of a civil rights action. *Wallace v. Kato*, 594

8  U.S. 384, 393 (2007). The court in *Wallace v. Kato* specifically examined the effect of

9  *Heck v. Humphrey* on accrual of a cause of action, and rejected that tolling should apply

10 so long as a §1983 claim would raise issues that are being pursued in state court.

11 *Wallace v. Kato,* 594 U.S. at 396.

12      In *Wallace*, the plaintiff sued for unlawful arrest under §1983 after his murder

13 conviction was overturned for lack of probable cause, and the criminal charges were

14 dismissed. The plaintiff in *Wallace* had been arrested in 1994 and the court found that

15 this date began the running of the statute of limitations for the civil cause of action. *Id.*

16 at 397. The high court found that a pending case is not a conviction for purposes of

17 *Heck v. Humphrey. Wallace v. Kato,* 594 U.S. at 393. The court's holding in *Wallace*

18 makes it so a potential civil rights plaintiff would have to file their civil cause of action

19 and move to have it stayed prior to resolution of the underlying criminal case in order

20 to comply with the statute of limitations. *Wallace,* at 393-394. Therefore, the relevant

21 question for statute of limitations is when a particular claim has accrued for

22 determining when the statute of limitations will run.

23      Recently the Supreme Court in *McDonough v. Smith*, 139 S. Ct. 2149 (2019),

24 reaffirmed that accrual requires identifying the specific constitutional right implicated

25 and refers to common law principles from analogous torts to determine when the statute

26 of limitations would begin to run. *Id.* at 2155-2156. In looking at a fabricated evidence

27 claim, the Court found it was analogous to the tort of malicious prosecution and

28 therefore accrual did not occur until the element of favorable termination was achieved.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

12

1  *Id*. at 2156.

2     Based on the above, plaintiff's federal causes of action, claims 2-6 are barred

3  under the statute of limitations as they accrued without the necessity of his conviction

4  being overturned. That plaintiff's causes of action would have been subject to a *Heck*

5  bar does not delay accrual of the causes of action, with the exception of the first cause

6  of action which appears analogous to a malicious prosecution claim. The remaining

7  federal claims should be dismissed as time barred.

8                    **1.    Conspiracy - Second Claim**

9     In order to show conspiracy, there must be an intent to accomplish an unlawful

10 objective, and it must be shared by those alleged to be part of the conspiracy. *Gilbrook*

11 *v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999). For a §1983 claim, it must

12 be shown that the conspirators had an agreement or meeting of the minds to violate

13 constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). There must

14 also been an overt act in furtherance of the conspiracy. It is alleged in the Complaint

15 that the defendants conspired to violation plaintiff's Fourth, Fifth, and Fourteenth

16 Amendment rights including right to be free from illegal seizure. These alleged

17 wrongdoings would have been completed and accrued prior to Mr. Coley's trial.

18     "The Ninth Circuit determines the accrual of civil conspiracies for limitations

19 purposes in accordance with the last overt act doctrine....Consequently, the cause of

20 action runs separately from each overt act that is alleged to cause damage to the

21 plaintiff [citation] and 'separate conspiracies may not be characterized as a single grand

22 conspiracy for procedural advantage.'" *Gibson v. United States*, 781 F.2d 1334, 1340

23 (9th Cir. 1986) [finding damages only flow from the overt acts that occurred during the

24 limitations period]. The overt acts pled by plaintiff for establishing conspiracy (FAC,

25 ¶150, a-f, planting evidence, fabricating and coercing statements of witnesses,

26 concealing physical evidence, and failing to investigate other suspects,) were completed

27 prior to Mr. Coley's trials. The defendants named for the cause of action (Frederick

28 Jones, Henderson, Vasquez, Fort, Taylor and Schwarz) were all alleged to have

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  participated in Mr. Coley's case prior to his conviction (*See* FAC ¶¶45, 47, 49, 52.) As

2  explained in the *Wallace* case, a *Heck* bar does not delay accrual of a cause of action.

3  As the last overt act would have to have occurred prior to Mr. Coley's conviction, this

4  cause of action is barred by the statute of limitations.

5  ## 2.    Brady, Garcia, Moody – Third Claim

6  Plaintiff alleges that he was denied *Brady* evidence pre-trial and post-trial. (FAC,

7  p. 40, ¶156.) Accrual for a §1983 cause of action based on *Brady* evidence occurs at the

8  time a plaintiff becomes aware of the harm, not at the time of reversal of conviction.

9  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760-761 (9th Cir. 1991) [finding

10  accrual occurred at the time the plaintiff learned of witnesses promised compensation

11  leading to his conviction, not when his habeas petition was granted.]

12  There are two different time periods to consider: pre-conviction and post-

13  conviction, as *Brady* is solely a trial right. Post-trial, there is no constitutional right to

14  exculpatory evidence. *DA's Office v. Osborne*, 557 U.S. 52, 68 (2009). "[A criminal

15  defendant's] right to due process is not parallel to a trial right, but rather must be

16  analyzed in light of the fact that he has already been found guilty at a fair trial, and has

17  only a limited interest in postconviction relief. *Brady* is the wrong framework." *Id*. at

18  69. The *Osborne* case specifically rejected that access to DNA is a constitutional right.

19  *Id*. at 75. Defendants Sullivan, Vanni, Haney, solely involved in the post-conviction

20  time period (FAC, ¶¶97-99, 101), should be dismissed from the claim.

21  Even assuming a post-trial right to *Brady* evidence, Deputy District Attorney

22  Haney, VCSO Officer Vanni, and DNA Lab Supervisor Sullivan's actions are alleged to

23  have occurred in 2003. (FAC ¶97.) It is not alleged that any of these defendants were

24  involved in any of Mr. Coley's further requests for forensic evidence. Plaintiff could

25  have initially brought this claim in 2005, two years from his request for DNA for

26  suppression of evidence once he suspected that there was forensic evidence that he was

27  being denied. The pleading indicates multiple requests for testing over the years which

28  demonstrates plaintiff believed that forensic evidence existed despite any statements to

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  the contrary.

2  The pre-conviction period from 1978-1980, is beyond the statute of limitations to

3  bring a *Brady* claim as a §1983 cause of action. Therefore, for both the pre-conviction

4  period, and the actions occurring post-conviction in 2003, all of these actions would fall

5  outside the statute of limitations and are barred.

6 ### 3.    Post-Trial Suppression of Exculpatory Evidence – Fourth
7 ### Claim

8  As stated above, the facts alleged as to defendants Vanni, Sullivan, and Haney,

9  occurred in 2003 and therefore is barred by the statute of limitations for all the reasons

10  stated above. (Argument IV. A. 2.)

11 ### 4.    Supervisory Liability Claim – Fifth Claim

12  Plaintiff's supervisory claim is in regards to failing to train, monitor, and

13  supervise employees, in particular investigators and criminologists, on constitutional

14  requirements for investigation, and because the County of Ventura should have known

15  about Klamser's engagement in unconstitutional conduct, and took no actions to prevent

16  the conduct. In order to be the cause of Mr. Coley's convictions, the actions alleged

17  would have to have occurred prior to Mr. Coley's conviction and therefore the claim is

18  barred by the statute of limitations.

19  The elements for supervisory liability is that a supervisor acted under color of

20  law, that the supervisor's subordinates deprived a plaintiff of their constitutional rights,

21  the supervisor knew or should have known of the unconstitutional acts of subordinates,

22  and failed to prevent the subordinates actions causing the deprivation of constitutional

23  rights, or disregarded obvious training deficiencies. Ninth Circuit Model Civil Jury

24  Instruction 9.4. A supervisor sued in their individual capacity must have personally

25  participated or there must be sufficient connection between a supervisor's conduct and

26  the constitutional violation. *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018).

27  "There is no *respondeat superior* liability under section 1983." *Id*. "They cannot be

28  supervisors of persons beyond their control." *Id*.

1    Setting aside that Klamser was not an employee of Ventura County and was
2 supervised by Simi Valley Police Department, and solely considering Ventura County
3 supervisors and employees, the allegations of constitutional deprivations in regards to
4 investigation techniques and failing to discover and correct deficient investigation, in
5 order to be a moving cause in Mr. Coley's conviction these actions would necessarily
6 have had to occur pre-conviction (1978-1980). There is no requirement of favorable
7 termination for a supervisory claim cause of action under §1983 in order to delay
8 accrual of the cause of action.

9    As the actions by supervisors, requiring knowledge, action, and personal
10 participation would have had to occur approximately 35 years ago, this is barred by the
11 statute of limitations. Potential bars to a cause of action based on *Heck v. Humphrey*, do
12 not delay *accrual* for the filing of a civil rights action. *Wallace v. Kato*, 594 U.S. at 393.
13 Therefore, the supervisory claim should be dismissed based on the statute of
14 limitations.

15              **5.    *Monell* – Sixth Claim**

16    Plaintiff alleges an unlawful custom, pattern, and practice causing constitutional
17 harm to Mr. Coley. "Plaintiffs who seek to impose liability on local governments under
18 §1983 must prove that 'action pursuant to official municipal policy' caused their injury.
19 [Citation.] Official municipal policy includes the decisions of a government's
20 lawmakers, the acts of its policymaking officials, and practices so persistent and
21 widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51,
22 60 [131 S.Ct. 1350, 179 L.Ed.2d 417] (2011)[internal citation omitted]. It requires a
23 two part inquiry: 1) it must be shown that there is an unconstitutional policy, which can
24 be attributed to a policy maker, and 2) that policy is the cause of the harm to plaintiff.
25 *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 [105 S.Ct. 2427, 85 L.Ed.2d 791] (1985).
26 A public entity can be held liable under 42 U.S.C. §1983 if the failure to train , or
27 failure to provide a different kind of training, causes a constitutional violation, and the
28 failure to do so amounts to deliberate indifference to the rights of individuals with

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

whom those employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388-389 [109 S.Ct. 1197, 103 L.Ed.2d 412] (1989);*Young v. City of Visalia*, 687 F.Supp.2d 1141, 1148 (2009). "'Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick,* 563 U.S. at 61.

Plaintiff alleges ongoing unlawful actions by the County of Ventura occurring from 1978-2017. Those alleged unconstitutional policies are: (a) failing to identify or disclose exculpatory evidence, particularly with regard to Detective Klamser; (b) failing to locate physical evidence for DNA testing for those convicted; (c) entering into benefits agreements with key witnesses without disclosure to the defense; and (d) improperly influencing eyewitnesses by manipulation or providing undisclosed benefits to them. (FAC ¶183.) Plaintiff has solely alleged these unconstitutional customs causing Mr. Coley's own harm. As explained above, there is no constitutional right to post-conviction *Brady* material (*see* Argument IV. A. 2) which would limit these unconstitutional customs causing Mr. Coley's harm to the time period up to his conviction in 1980.

Accrual under *Monell* is currently undetermined in the Ninth Circuit in regards to whether it is the occurrence of actual injury, or when a plaintiff would have known of the policy that caused his constitutional injury. *See Marlowe v. City & Cty. of San Francisco,* 753 Fed. Appx. 479 (9th Cir. 2019); *see also Wilson v. Hays*, 228 F.Supp.3d 1100, 1111 (Cal. S.D. 2017). Whether using the time of the occurrence of the actual injury or when plaintiff reasonably knew, the relevant time period for accrual would have occurred around 1980. Accrual under *Monell* is not dependent on a favorable termination in a criminal case and therefore, this claim is barred by the statute of limitations.

## B.    State

Prior to filing causes of action against a public entity, state law claims require a plaintiff to comply with the Tort Claims Act. Cal. Gov't Code §945.4; *Javor v. Taggart,*

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

98 Cal.App.4th 795, 804 (2002). A tort claim must be presented no later than six months from the accrual of the cause of action. Cal. Gov't Code §911.2; *Ridley v. City & County of San Francisco*, 272 Cal.App.2d 290, 292-93 (1969). Accrual for claim presentment under Gov't Code §911.2 is the same as the accrual date within the meaning of the statute of limitations. Cal. Gov't Code §901. Under Cal.Civ. Pro. §352.1, tolling provisions for imprisonment do not apply to the tort claim requirement. *See McMartin v. County of L.A.*, 202 Cal.App.3d 848, 855 (1988). This is regardless of the tolling provisions under Government Code §945.3. "A cause of action ordinarily accrues when the wrongful act occurs, the liability arises, and the plaintiff is entitled to prosecute an action." *Ovando v. County of Los Angeles*, 159 Cal.App.4th 42, 66 (2008). The delayed discovery rule is the exception which delays accrual until someone discovers or reasonably could discover the cause of action. *Id*. When a plaintiff has a basis for the elements of wrongdoing, causation, and harm is when the accrual date is. *Id*. "A plaintiff's inability to prove an element of a cause of action does not compel the conclusion that the plaintiff does not suspect, or have reason to suspect, a factual basis for that element. [Plaintiff's] convictions did not prevent him from suspecting, or actually knowing, that he was innocent." *Id*. at 69. *Ovando* held that convictions and lack of post-conviction relief did not delay accrual of a legal malpractice action. *Id*. at 69.

The state claims are: negligent suppression/withholding of evidence (claim 7); negligent supervision and training under a respondeat superior theory of liability (claim 8); and a Bane Act claim (claim 9).

The negligent suppression claim is in regards to the County ineffectively searching for exonerating evidence. This claim is time barred for not filing a tort claim within 6 months of plaintiff's request for such evidence. The same applies as to the eighth claim which is dependent on claim seven. The Bane Act claim, the ninth claim, indicates that it is interfering with plaintiff's rights through threats, intimidation and coercion and thus suffered exposure to prison. This would imply that the time for filing

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  the tort claim would have been at the time of the threats and intimidation of being put in

2  prison which would have begun to run while he was being prosecuted.

3      There is no tolling of the time to file a tort claim. Since plaintiff's trial was over

4  30 years ago, the filing of the tort claim is untimely and barred. Even assuming plaintiff

5  had filed a proper tort claim, all claims, which mirror the federal claims, are beyond the

6  two year statute of limitations as well for the same reasons provided as to their federal

7  counterparts, and are time barred as a matter of law.

8  **5.    Plaintiff's Claims Against the Estate of Frederick Jones Is Also Barred by**

9  **The Statute of Limitations Under the California Codes of Civil Procedure**

10  **§§366.2 and 551**

11      Under California Code of Civil Procedure §366.2, plaintiff had one year from the

12  date of death of Mr. Frederick Jones to bring an action. Mr. Jones passed away in the

13  late 90's. Under the expanded limitations period of California Code of Civil Procedure

14  §551, the statute of limitations may only be expanded by at most, one year. Claims

15  against Mr. Jones Estate are barred by the statute of limitations.

16  **6.    Plaintiff's Complaint Should be Dismissed for Failing to Join an**

17  **Indispensable Party – FRCP 12(b)(7)**

18      Under Federal Rules of Civil Procedure 12(b)(7), a court may dismiss an action

19  for failure to join an indispensable party under Federal Rules of Civil Procedure 19.

20  Rule 19 in relevant part indicates that a party must be joined if:

21          (a) in that person's absence, the court cannot afford complete
            relief among existing parties; or

22

23          (b) that person claims an interest relating to the subject of the
            action and is so situated that disposing of the action in the
            person's absence may:

24

25              (ii) leave an existing party subject to substantial risk of
                incurring double, multiple, or otherwise inconsistent
                obligations because of the interest

26

27  The main theme of the first amended complaint is that Klamser was the

28  wrongdoer who instigated and was involved in the bulk of the alleged wrongdoing,

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

19

Case No. 2:18-CV-10385-PA-JDE

worked with all the defendants, and was the main party either responsible for the harms in this case, or was heavily involved in the actions leading to Mr. Coley's conviction, namely fabricating incriminating evidence relied on in Mr. Coley's prosecution and suppressing exculpatory evidence causing Mr. Coley's conviction. (FAC ¶38; p. 37 – First Claim.) Plaintiff alleges that Klamser was the lead detective on the murders that plaintiff was convicted of (FAC ¶36) and alleges conspiracy between Klamser and the County of Ventura and its employees. (FAC p. 7, Section I; p. 9, Section III; p. 39 – Second Claim). Further, the FAC alleges that one of the deficient County customs for *Monell* liability is specifically based on Klamser. (FAC ¶183a.) That *Monell* claim is incorporated into all the other federal causes of action alleged. (FAC ¶¶144, 151, 161, 170, 178.) The FAC alleges that the investigation into Mr. Klamser performed by Mr. Bender is central to the County's liability for failing to disclose information. (FAC ¶¶74-85, 88, 91, 94,). Klamser has not been joined. Klamser an indispensable party.

"There is no precise formula for determining whether a particular nonparty should be joined under rule 19(a)….The determination is heavily influenced by the facts and circumstances of each case." *Tatung Co. v. Shu Tze Hsu*, 43 F.Supp.3d 1036, 1065 (Cal. C.D. 2014) *quoting N. Alaska Entl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986). Whether a party is necessary depends on whether they were active participants in the wrongful conduct. *In re Toyota Motor Corp.*, 785 F.Supp.2d 883, 905 (Cal. C.D. 2011). The facts of this case are that Klamser was the main source of Mr. Coley's constitutional violations in this case. In looking at all claims, to not join Klamser would subject the Defendants in this action to proceed without offset of relief for the unnamed Klamser and incurring liability for his alleged actions. FRCP 19.

A 12(b)(7) motion is appropriate for claims of conspiracy. *See Pepper v. Apple Inc. (In re Apple iPhone Antitrust Litig.)*, 846 F.3d 313, 319 (9th Cir. 2017). In order to show conspiracy, there must be an intent to accomplish an unlawful objective, and it must be shared by those alleged to be part of the conspiracy. *Gilbrook v. City of Westminster*, 177 F.3d at 856-57. For a §1983 claim, it must be shown that the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   conspirators had an agreement or meeting of the minds to violate constitutional rights.
2   *Franklin v. Fox*, 312 F.3d at 441. "Conspiracy requires an agreement-and in particular
3   an agreement to do an unlawful act-between or among two or more separate persons.
4   When two agents of the same legal entity make an agreement in the course of their
5   official duties, however, as a practical and legal matter their acts are attributed to their
6   principal. And it then follows that there has not been an agreement between two or
7   more separate people." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867 (2017). Therefore, the
8   conspiracy could only exist between Klamser and at least one of the other individual
9   defendants, as all other individual defendants were part of the same separate legal
10  entity. The conspiracy claim alleging the overt acts of conspirators to violate plaintiff's
11  constitutional rights and deprive him of a fair trial is foundational to all of the claims in
12  the FAC.

13          Klamser is an indispensable party based on the facts alleged in the complaint and
14  therefore Klamser should be joined or the case should be dismissed as to all allegations
15  involving Klamser.

16  **7.     Conclusion**

17          For the foregoing reasons, Defendants request that the court make the following
18  orders:

19          1.      For an order dismissing plaintiff's claims 2-9 as barred by the statute of
20  limitations.

21          2.      For an order dismissing the Estate of Frederick Jones as barred by the
22  statute of limitations.

23          3.      For an order dismissing the FAC for failing to join Mr. Klamser as an
24  indispensable party.

25          The court should dismiss claims 2-9 and defendant Estate of Frederick Jones
26  without leave to amend as they are barred by the statute of limitations and amendment
27  / / /
28  / / /

1 | would be futile. The court should dismiss any claims not barred by the statute of
2 |
3 | limitations with leave to amend to add Klamser as a necessary party.

DATED: August 9, 2019         **MANNING & KASS**
                              **ELLROD, RAMIREZ, TRESTER LLP**


By:      /s/ Angela M. Powell
         _____
         Eugene P. Ramirez
         Angela M. Powell
         Attorneys for Defendant, COUNTY OF
         VENTURA, WILLIAM HANEY, SR.,
         ESTATE OF FREDERICK A. JONES,
         JAMES      HENDERSON,      EDWARD
         VASQUEZ, JAMES SCHWARZ, SANDRA
         TAYLOR, SHANIN SULLIVAN, SANDRA
         VANNI, and NORM FORT

Case No. 2:18-CV-10385-PA-JDE

**MOTION TO DISMISS PURSUANT TO 12(b)(6) & 12(b)(7)**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law