Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Angela M. Powell (State Bar No. 191876)
  *amp@manningllp.com*
Michael Watts (State Bar No. 312210)
  *mrw@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants COUNTY OF VENTURA, WILLIAM HANEY, SR., ESTATE OF FREDERICK A. JONES, JAMES HENDERSON, EDWARD VASQUEZ, JAMES SCHWARZ, SANDRA TAYLOR, SHANIN SULLIVAN, SANDRA VANNI, and NORM FORT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COLEY,<br><br>Plaintiff,<br><br>v.<br><br>VENTURA COUNTY; WILLIAM MAXWELL; FRED JONES; KEVIN McGEE; WILLIAM HANEY, SR.; JAMES HENDERSON; GLEN KITZMANN; EDWARD VASQUEZ; AL JALATY; NORMA FORT; TOM KOTOWSKI; ROBERT KERR; GARY SMITH; DEPUTY SCHWARTZ; DEPUTY TAYLOR; SANDRA VANNI; SHANIN SULLIVAN; ROBERT RUBIN; DAN SHONEMAN; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:18-CV-10385-PA-JDE<br><br>*Assigned for all purposes to Hon. Percy Anderson*<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  September 23, 2019<br>Time:  1:30 p.m.<br>Crtrm.: 9 a.m<br><br><br>Complaint Filed: December 14, 2018 |

Defendants COUNTY OF VENTURA, WILLIAM HANEY, SR., ESTATE OF FREDERICK A. JONES, JAMES HENDERSON, EDWARD VASQUEZ,

1  JAMES SCHWARZ, SANDRA TAYLOR, SHANIN SULLIVAN, SANDRA
2  VANNI, and NORM FORT submit the following Reply in Support of Defendants'
3  Motion to Dismiss Plaintiff's First Amended Complaint.
4  DATED:  September 9, 2019         **MANNING & KASS**
                                     **ELLROD, RAMIREZ, TRESTER LLP**

By:     */s/ Angela M. Powell*
        Eugene P. Ramirez
        Angela M. Powell
        Attorneys for Defendant, COUNTY OF
        VENTURA

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's arguments for accrual still rely on a simple *Heck* analysis that a claim would be barred because there was a conviction. This argument ignores that accrual of the cause of action is not based on whether plaintiff would have been able to succeed on the merits or avoid dismissal based on a *Heck* bar. The relevant question is when the claim accrues. When the claim accrues is based on the specific cause of action, and is assessed in light of when a cause of action would accrue in light of common law. That a claim may be barred pursuant to *Heck v. Humphrey*, does not in itself delay accrual. Whether *Heck* would result in delayed accrual goes to the existence of the claim, not the merits of the claim. *Rosales Martinez,* 753 F.3d 890, 896 (9th Cir. 2014) *citing Owens v. White*, 342 F.2d 817, 819 (9th Cir. 1965).

Plaintiff has argued that all of the claims are not time barred because they are all derivative claims of the first claim, which is a fabrication of evidence causing conviction, which has been previously found to be akin to malicious prosecution for statute of limitations accrual. Plaintiff's focus is solely on the concept that because the causes of action would have been barred, that they had not accrued. Plaintiff has not analyzed the claims on their own, and whether any of claims two through nine are found to be subject to delayed accrual because of a *Heck* bar. This is insufficient and most of plaintiff's claims are barred.

**1. Conspiracy**

Conspiracy necessarily would have had to have taken place and been completed prior to conviction, and indeed prior to his initial trial, which ended in a mistrial. (*See* First Amended Complaint, 'FAC,' p. 39:17-40:2.)

Plaintiff argues that the conspiracy claim is derivative of the constitutional rights alleged to be violated, but does not indicate which rights. The rights alleged in the complaint to be violated are the Fourth, Fifth, and Fourteenth Amendments "including the right to be free from illegal seizure." (FAC p. 39:10-13.) Plaintiff has alleged that he consented to the searches of his property and waived his *Miranda* rights. (*see* FAC,

para. 57.) Therefore plaintiff's claimed Fourth Amendment violation could only be one for false arrest which is the exact same issue in *Wallace v. Kato*, 549 U.S. 384 (2007) which found that the *Heck* bar did not delay accrual of the cause of action when the cause of action was complete prior to conviction, and therefore the statute of limitations began to run.

Defendants would agree that conspiracy to fabricate evidence would be akin to conspiracy for malicious prosecution and would not be time barred. However, as to all other potential conspiracy causes of action, those claims would be time barred.

**2. The *Brady* Claim Should Be Dismissed**

Plaintiff has not disputed that the *Brady* claims against Henderson, Vasquez, Fort, Taylor, Schwarz, are allegations of conduct occurring pre-conviction, and the allegations against Sullivan, Vanni, Haney are post-conviction. Plaintiff also does not dispute that the actions complained of by Sullivan, Vanni, and Haney occurred in 2003. (*See* Plaintiff's Opp. p. 12:8-10.) Based on plaintiff's arguments, the claims are time barred. Assuming they are not, it is duplicative of other claims and should be dismissed.

**A. Pre-Conviction**

As already indicated in defendants' motion, the conduct complained of ended in 1980 with plaintiff's conviction and is therefore barred by the statute of limitations.

**1. Assuming the Claim is Not Time-Barred Plaintiff's *Brady* Claim is Duplicative of Claim One**

Plaintiff's appear to argue that the claim is "nearly identical" to the first claim. (Plaintiff's Opp. p. 4:18-19.) If the claim is not time-barred, it would be solely on the basis that plaintiff has brought an identical claim, not just one that is "nearly identical". Based on plaintiff's arguments, the suppression of *Brady* material caused plaintiff's unfair trial. (*See* FAC, Dkt. 46, para. claim one: 136-139, 146, claim three: 156-158.) Assuming the *Brady* claim is not time-barred, it should be dismissed as being duplicative and already pled under claim one in conjunction with the *Devareaux* claim.

### B. Post-Conviction

Plaintiff's *Brady* claim to post-conviction access to DNA evidence is not a cognizable claim under section 1983. The accurate claim would have been one for a violation of procedural due process based on the state statutory grant of rights to DNA under California Penal Code section 1406. (Plaintiff's Opposition, p. 9-14.) This is distinct from the trial right to exculpatory *Brady* material that is material to a trial or proceeding and is not barred by *Heck*. *Skinner v. Switzer*, 562 U.S. 521, 534, 536 (2011) [DNA testing proceedings may not undermine a conviction and may properly be claimed in a sec. 1983 action]; *see also Cooper v. Ramos*, 704 F.3d 772, (9th Cir. 2012) [analyzing the difference between the procedural due process challenge under section 1983 for denial of DNA request versus challenging pre-trial tampering allegations by the prosecutor.] "In other words, *Skinner* permits a due process challenge to a statute or procedural rule governing post-conviction DNA testing; it does not allow a due process challenge based on a prosecutor's alleged *Brady* violation." *Douglas v. Reese*, 2018 U.S. Dist. LEXIS 50537 at *7 (Or. D.C. 2018). It is established as a matter of law that these claims were not *Heck* barred and therefore could have been brought as a denial of procedural due process when they accrued in 2003.

Plaintiff's arguments that *Brady* claims exist post-conviction, albeit limited is only true so far as there are proceedings which that evidence would be material to. The duty to disclose under *Brady* extends beyond trial, but that obligation for disclosure only applies to *clearly* exculpatory and material evidence which was known or discovered by the government *before or during trial,* until a conviction is final. *DA's Office v. Osborne*, 557 U.S. 52, 68 (2009); *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012); *Fields v. Wharrie*, 672 F.3d 505, 516 (7th Cir. 2012); *Hankison v. Board of Prison Terms*, 768 F.Supp. 720, 722 (C.D. Cal. 1991)[evidence discovered after trial ended was not a *Brady* error].

There could not be a *Brady* violation for any information discovered after Mr. Coley's conviction. (*e.g.* The investigation into Klamser, and all claims against Vanni,

Sullivan, and Haney for *Brady* violation.) "Without a duty to act, the defendants cannot be liable for failing to come forward with exculpatory evidence…" *Gibson v. Superintendent of N.J. Dept. of Law & Pub. Safety-Division of State Police*, 411 F.3d 427, 444-445 (3rd Cir. 2005).

Therefore, the claims against defendants Sullivan, Haney, and Vanni are not *Brady* claims. Plaintiff could have filed a procedural due process claim without fear of a *Heck* bar. As they could have been brought starting in 2003-2005, these claims are time barred. The claim is untimely.

### 1. Equitable Estoppel and/or Equitable Tolling

Plaintiff argues that both estoppel and tolling apply in this case. Plaintiff's statement that he relied on representations that the DNA was lost or destroyed is contradicted by the pleadings which indicate that plaintiff continued to request it. (Dkt. 46, FAC p. 28:8-12.)

#### a. Equitable Estoppel

For estoppel to apply against the government, there must be affirmative misconduct, not just negligence, and plaintiff must have relied on the representation in not filing suit. *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011.) The actions taken must have dissuaded plaintiff from filing suit. That plaintiff continued to request DNA indicates that he was not dissuaded. Further, plaintiff's facts do not indicate that individual defendants Vanni, Sullivan, or Haney were involved in these subsequent requests and therefore the argument for estoppel fails.

#### b. Equitable Tolling

Equitable tolling in California is applied when someone pursued a remedy in another forum to preserve their rights. It is required that plaintiff "satisfy three factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good and reasonable conduct in filing the second claim. [Citation.] The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the

need to prepare a defense." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Plaintiff has not sought a remedy in another forum against these defendants which would have provided notice, prior to expiration of the statute of limitations, nor has plaintiff pled facts to support this theory. Plaintiff's claim is not equitably tolled under California law.

### 2. Assuming the Claim is Not Time Barred Against Vanni, Sullivan, and Haney, It is Duplicative to Claim Four

Plaintiff's fourth claim is specific to Defendants Sullivan, Vanni, and Haney and makes the same claim for post-conviction suppression of exculpatory evidence. This claim is duplicative against Defendants Vanni, Sullivan, and Haney as to claim four, and claim three should be dismissed as to these defendants if the court does not find the third cause of action to be time-barred as a procedural due process claim for an alleged violation of California Penal Code section 1405.

### 3. Supervisory Liability and *Monell*

The supervisory and *Monell* claims are time barred to the extent each constitutional claim would be time barred. With the exception of claim one, all other claims are time barred for the reasons given as to each claim argued herein.

### 4. Post-Conviction Suppression of Alleged Exculpatory Evidence

As already stated above, this is a procedural due process claim based on statutory law and not a *Brady* right. This claim would be time barred as the alleged actions of these defendants ended in 2003. The claim should be dismissed in its entirety.

### 5. State Claims

Plaintiff has provided no argument against not timely filing a tort claim for the state claims alleged. Plaintiff does not address the tort claim issue and only addresses the bar to bringing a lawsuit based on conviction. The tort claim requirement is a separate issue which is not tolled. Plaintiff's state claims should be dismissed.

### 6. Claims Against the Estate of Frederick Jones

Whether the Estate of Frederick Jones is entitled to indemnification is altogether

1 separate from whether the statute of limitations has run. Plaintiffs indemnification
2 arguments amount to eliminating all statute of limitations for government employee's
3 actions during their employment, so long as a civil rights claim has been filed. In the
4 context of the present case, even if almost two decades after the death of the individual
5 government employee, and the single alleged wrongful act occurred more than forty
6 years ago, and so long as a civil right claim is involved, it would not be time barred.
7 This is not a conclusion supported by plaintiff's authorities.

8 The alleged facts indicate Jones involvement was: on November 17, 1978, he is
9 alleged to have directed Klamser to conduct a reenactment to procure an identification
10 of Mr. Coley's truck at the scene. (Dkt. 46, FAC, p.14:25-28). This is the sole fact
11 alleged against Mr. Jones for claims of denial of a fair trial, conspiracy, and negligent
12 suppression of evidence. Plaintiff argues that this wrongful conduct which occurred and
13 was completed prior to both of his trials and his conviction, was still not a cause of
14 action until his conviction was vacated because of the *Heck* bar.

15 California's Probate Code is specific that an action against a deceased party has
16 specific time requirements for filing, including when someone is indemnified. As the
17 time periods for all claims which are time barred for all the reasons given above as to
18 claims two through nine, they would also be barred against the Estate of Frederick
19 Jones, leaving only claim one, and to the limited extent of claim two, also as outlined
20 above.

21 **7. Klamser is a Necessary Party**

22 Plaintiff's statement that joint tortfeasors and co-conspirators are not necessary
23 parties (Plaintiff's Opp. p. 21:20-24) is a general rule. Whether a party is necessary is
24 still subject to analysis of the facts specific to a case. *Confederated Tribes of Chehalis*
25 *Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991). In the present case,
26 Klamser is the alleged main wrongdoer throughout the FAC.

27 Plaintiff's statement that settlement with Klamser and Simi Valley prior to filing
28 any lawsuit would result in the same situation had he been joined and settled out is not

1 necessarily accurate. As plaintiff has indicated in their opposition, they have settled
2 with Simi Valley without involvement by Ventura County, and therefore Simi Valley
3 would not be bound to any judgment of this court, nor would Ventura receive either
4 contribution or indemnity based on whatever may be the respective liabilities of the
5 parties, based on the three state causes of action alleged. *See Coca-Cola Bottling Co. v.*
6 *Lucky Stores, Inc.*, 11 Cal.App.4th 1372, 1377-1378 (1992); Cal. Code Civ. Proc. sec.
7 875.

8 Plaintiff has sued individuals both individually and jointly. (FAC para. 119.)
9 Plaintiff seeks non-economic damages. (*Id*. para. 125.) Under state law, non economic
10 damages are apportioned based on percentage of fault of the individuals. (Cal. Civ.
11 Proc. sec. 1431.2). This is regardless of whether the misconduct is found to be
12 intentional. *B.B. v. County of Los Angeles*, 25 Cal.App.5th 115, 128 (2018) [in the
13 context of a Bane Act claim separate judgments must be rendered against a Deputy and
14 the County based on respective fault].

15 Klamser is the main alleged wrongdoer in this case and is an indispensable party
16 based on the specific facts alleged in the FAC. Under Federal Rule of Civil Procedure
17 19 (b)(1), defendants are severely prejudiced by not having contribution or indemnity
18 based on apportionment of fault under the state causes of action. Defendants request the
19 FAC be dismissed on this basis or at a minimum, all state causes of action.

20 **8. Conclusion**

21 For the foregoing reasons, defendants request this court dismiss claims 2-9 as
22 time barred as more specifically stated herein, without leave to amend. In addition,
23 defendants would request that the FAC be dismissed with leave to amend and to add
24 Mr. Klamser and an indispensable party.

| | | |
|---|---|---|
| 1 | DATED:  September 9, 2019 | **MANNING & KASS** |
| 2 | | **ELLROD, RAMIREZ, TRESTER LLP** |

By:     */s/ Angela M. Powell*
        Eugene P. Ramirez
        Angela M. Powell
        Attorneys for Defendant, COUNTY OF VENTURA