UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants County of Ventura, Estate of Frederick A. Jones, Norm Fort, William Haney, Sr., James Henderson, James Schwarz, Shanin Sullivan, Sandra Taylor, Sandra Vanni, and Edward Vasquez (collectively "Defendants").  (Docket No. 49 ("Mot.").)  Plaintiff Craig Coley ("Plaintiff") filed an Opposition to Motion to Dismiss (Docket No. 52 ("Opp. Mot.")), and Defendants filed a Reply (Docket No. 53).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing scheduled for September 23, 2019 is vacated, and the matter taken off calendar.

**I.   Background**

Plaintiff was convicted of a double homicide that he did not commit and was imprisoned for almost thirty-nine years.  (Docket No. 46 (First Amended Complaint "FAC") at ¶1.)  On November 22, 2017, the Governor gave Plaintiff a full pardon on the basis of his factual innocence.  (Id. at ¶¶2, 108.)  On November 29, 2017, the Ventura County Superior Court issued orders finding Plaintiff factually innocent and vacating his conviction pursuant to California Penal Code §§ 851.8 and 1473.7.  (Id. at ¶110.)  The Ventura County District Attorney's Office joined in both motions.  (Id.)

A complaint was filed in this Court on December 14, 2018.  (Docket No. 1).  Plaintiff settled with Simi Valley Police Department Detective Robert Klamser and the City of Simi Valley before the filing.  (Opp. Mot. at 29.)  Plaintiff's First Amended Complaint raises several causes of action: (1) violation of 42 U.S.C. § 1983 for deprivation of due process of law and violation of the right to a fair trial under the Fourteenth Amendment, (2) violation of 42 U.S.C. § 1983 for conspiracy to deprive Plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments, (3) violation of 42 U.S.C. § 1983 for failure to disclose material, exculpatory evidence (i.e., Brady, Garcia, and Moody violations), (4) violation of 42 U.S.C. § 1983 for post-trial suppression of exculpatory evidence, (5) supervisory liability under 42 U.S.C. § 1983, (6) Monell liability under 42 U.S.C. § 1983, (7) violation of Cal. Gov't Code § 815.6 for negligent suppression/withholding of evidence, (8) violation of Cal. Gov't Code § 815.2 for respondeat superior and vicarious liability, including for negligent supervision and training, and (9) violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1.  (FAC at ¶135-202.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

Defendants now bring a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (Docket No. 49 at 2.) Defendants allege (1) all of Plaintiff's claims, with the exception of Claim 1, are barred by the statute of limitations, (2) all of Plaintiff's claims against Defendant Estate of Frederick A. Jones are time-barred under Cal. Code Civ. P. § 366.2, and (3) Plaintiff has failed to join an indispensable party – Detective Klamser – as a defendant in this action. (Id.)

**II.     Legal Standards**

  **A.     Motion to Dismiss**

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

In Twombly, however, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted).

In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### B. Statute of Limitations in § 1983 Actions

"For actions under 42 U.S.C. § 1983, . . . courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (quotations and citation omitted). "Thus, California['s] statute of limitations for assault, battery, and other personal injury claims applies to . . . § 1983 claims unless it is inconsistent with federal law." Id. (quotations omitted). California's statute of limitations for personal injury actions is two years. See Cal. Code Civ. P. § 335.1; see also Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

"A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012) (quoting Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). "Although courts look to state law for the length of the limitations period, the time at which a §1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)). "That time is presumptively 'when the plaintiff has 'a complete and present cause of action,' . . . though the answer is not always so simple." Id. (quoting Wallace, 549 U.S. at 388-391). "Where, for example, a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." Id. (citing Wallace, 548 U.S. at 389). "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed." Id. (citation omitted). A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Pouncil, 704 F.3d at 574 (citing Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (quoting Trotter v. Int'l Longshoreman's and Warehouseman's Union, 704 F.2d 1141, 1143 (9th Cir. 1983)).

This general rule "is not controlling, however, under certain circumstances in which criminal charges connected with incidents forming the basis of a section 1983 action are pending. This exception derives from the Supreme Court's decision in Heck v. Humphrey." Foti v. County of San Mateo, 90 Fed. Appx. 488, 492 (9th Cir. 2003) (citing Heck v. Humphrey, 512 U.S. 477 (1994)). Under Heck, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. Thus, "the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." Id. at 489. "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor . . . so also a § 1983 cause of action for damages attributable to an unconstitutional

Case 2:18-cv-10385-JWH-JDE Document 55 Filed 09/24/19 Page 4 of 8 Page ID #:609

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90 (emphasis added). The Heck rule is grounded in the Supreme Court's "pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." McDonough, 139 S. Ct. at 2157.

### C. Joinder of Indispensable Party

Federal Rule of Civil Procedure 19 "prescribes a bifurcated analysis to determine whether parties should or must be joined." Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985). "First, a court must determine whether an absent party should be joined as a 'necessary party' under subsection (a). Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in 'equity and good conscience' the action should be dismissed because the nonparty is 'indispensable.'" Virginia Sur. Co. v. Northrop Grumman Corp., 144 F.3d 1243, 1247 (9th Cir. 1998). A party is "necessary" under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); see also EEOC v. Peabody Western Coal Co., 610 F.3d 1070, n.1 (9th Cir. 2010) ("Rule 19 no longer refers to 'necessary' or 'indispensable' parties. Instead, it refers to 'persons required to be joined if feasible' and persons in whose absence, if they cannot be joined, the action should not proceed. . . . 'Indispensable' was used only to express a conclusion reached by applying the tests of Rule 19(b). It has been discarded as redundant.") (citing Fed. R. Civ. P. 19 Advisory Committee's Note (2007)). Rule 19(b) "emphasizes practical consequences and its application depends on the circumstances of each case." Takeda, 765 F.2d at 819 (citing Provident Tradesmens Bank & Trust v. Patterson, 390 U.S. 102, 118-19 (1968)).

### IV. Analysis

For the reasons stated below, the Court denies in part and grants in part Defendants' Motion to Dismiss. First, the Court rejects Defendants' argument that Plaintiff's Claims 2-9 are barred by the

Case 2:18-cv-10385-JWH-JDE   Document 55   Filed 09/24/19   Page 5 of 8   Page ID #:610

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

statute of limitations. Second, the Court finds that California Code of Civil Procedure § 366.2 bars Plaintiff's claims against Defendant Estate of Frederick A. Jones. Finally, the Court rejects Defendants' argument that Detective Klamser is an indispensable party.

### A.     Plaintiffs' Claims 2-9 Are Timely Under the Applicable Statute of Limitations.

Defendants' argument that Plaintiff's claims are barred by the statute of limitations simply does not hold weight in light of clear Supreme Court precedent to the contrary. Plaintiff's federal claims—specifically Claims 2, 3, 5, and 6—are based on violations of his Fourth, Fifth, and/or Fourteenth Amendment rights, and each implies the invalidity of his conviction. See McDonough, 139 S. Ct. 2158 (McDonough's claims "challenge the validity of the criminal proceedings against him in essentially the same manner as the plaintiff in Heck"). Pursuant to Heck, Plaintiff could not bring his claims until after his conviction was overturned, which did not happen until November 2017 when Plaintiff received the Governor's full pardon and the Superior Court of Ventura County issued orders finding him factually innocent and vacating his conviction. At that point in time, his claims began to accrue and were subject to California's two-year statute of limitations period. Because Plaintiff filed his Complaint on December 14, 2018, his claims are timely.

The analysis does not change for Plaintiff's conspiracy claim, Brady claim, supervisory claim, or Monell claim. See, e.g., Bradford v. Scherschligt, 803 F.3d 382, 388 (9th Cir. 2015) (citing Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998) (claim based on officers' conspiracy to fabricate evidence accrued when charges dismissed)); Rosales-Martinez v. Palmer, 753 F.3d 890, 898 (9th Cir. 2014) (finding district court erred in dismissing case because plaintiff's "§ 1983 claims for wrongful conviction [including Brady violation] did not accrue until his convictions were vacated."); McCarty v. Gilchrist, 646 F.3d 1281, 1290 (10th Cir. 2011) (affirming district court's dismissal because claims for municipal liability and supervisor liability were time-barred under Heck); Lynch v. Suffolk County Police Dep't, Inc., 348 Fed. Appx. 672, 675 (2nd Cir. 2009) ("Insofar as plaintiff alleges that a municipal policy caused prosecutorial misconduct in the trial that led to his felony convictions, plaintiff's claim seeks to 'recover damages for [an] allegedly unconstitutional conviction or imprisonment' and is barred by Heck, 512 U.S. at 486."); see also Docket No. 53 ("Reply ISO Mot.") at 4 ("Defendants would agree that conspiracy to fabricate evidence would be akin to conspiracy for malicious prosecution and would not be time barred.").

Nor does the analysis change for Plaintiff's state law claims—Claims 7, 8, and 9—because California's Supreme Court has also applied Heck's delayed-accrual rule to state law claims that imply the invalidity of a criminal conviction. See Yount v. City of Sacramento, 183 P.3d 471, 484 (2008) ("[W]e cannot think of a reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct and, as stated above, the parties offer none."); Jones v. Whisenand, 8 Cal. App. 5th 543, 557 (2017) ("Our Supreme Court adopted the Heck rule, and extended the rule to common law tort causes of action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

Courts have concluded that Heck's delayed-accrual rule does not apply to Plaintiff's claim for the post-trial suppression of exculpatory evidence. See, e.g., Osborne v. DA's Office, 423 F.3d 1050, 1054 (9th Cir. 2005) ("Heck does not bar a prisoner's § 1983 action seeking post-conviction access to biological evidence in the government's possession. . . . success in such an action would not necessarily demonstrate the invalidity of confinement or its duration. . . . success would yield only access to the evidence—nothing more.") (quotations and citation omitted), reversed and remanded on other grounds by DA's Office v. Osborne, 557 U.S. 52, 67 (2009) ("[W]e will assume without deciding that the Court of Appeals was correct that Heck does not bar Osborne's § 1983 claim."); Estrada v. Munoz, 2010 U.S. Dist. LEXIS 48490, at n.3 (C.D. Cal. May 17, 2010) ("[T]he Ninth Circuit has held that Heck does not bar a § 1983 claim that merely seeks to 'set the stage' for an attack on the underlying conviction.") (quotations and citation omitted). Because the Heck exception to the general rule does not apply here, Claim 4 did not begin to accrue until Plaintiff knew or should have known that he had such a claim. This happened in 2017, when he was informed for the first time that the exculpatory evidence he sought did in fact exist, despite Defendants' statements to the contrary that the evidence had been lost or destroyed. The fact that Plaintiff's First Amended Complaint does not contain the exact date in 2017 that he knew or should have known his constitutional rights had been violated does not undercut this analysis. Compare Morris v. Fresno Police Dep't, 2010 U.S. Dist. LEXIS 3255, at *26-27 (E.D. Cal. Jan. 14, 2010) ("Mr. Morris is not required to plead the date of his incident with Officer Long to assist Defendants with their statute of limitations evaluation. Nor does Rule 8 impose an obligation on Mr. Morris to plead the specific date of the incident."). Because Plaintiff filed his Complaint in 2018, Claim 4 was not barred by California's two-year statute of limitations.

Defendants argue this Court should apply Wallace to bar Plaintiff's claims. (Mot. at 12.) But Wallace involved a false-arrest § 1983 claim that "has a life independent of an ongoing trial or putative future," whereas Plaintiff's claims "center[] on evidence used to secure an indictment and at a criminal trial . . . It directly challenges—and thus necessarily threatens to impugn—the prosecution itself." McDonough, 139 S. Ct. at 2159 (citing Wallace, 549 U.S. at 389-90). Moreover, Plaintiff did not raise a false arrest claim. Defendants' reliance on Wallace is misplaced.

Defendants similarly argue that Plaintiff should have raised the bulk of his claims while he was in the midst of criminal proceedings and subsequent appeals. (Mot. at 14 ("the last overt act would have to have occurred prior to Mr. Coley's conviction"); at 16 ("the actions by supervisors, requiring knowledge, action, and personal participation would have had to occur approximately 35 yeas."); at 17 ("[T]he relevant time period for accrual would have occurred around 1980."). But the Supreme Court has expressly rejected this argument because it would effectively force individuals like Plaintiff to "face an untenable choice between (1) letting their claims expire and (2) filing a civil suit against the very person who is in the midst of prosecuting them." McDonough, 139 S. Ct. 2158. The Supreme Court has found that "[this] first option is obviously undesirable, but from a criminal defendant's perspective the latter course, too, is fraught with peril: He risks tipping his hand as to his defense strategy, undermining his privilege against self-incrimination, and taking on discovery obligations not required in the criminal context." Id. For these reasons, the Court rejects Defendants' contention that Plaintiff's Claims 2-9 are time-barred under the applicable statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

**B.  Plaintiff's Claims as to Defendant Estate of Frederick A. Jones are Untimely.**

Plaintiff's claims as to Defendant Estate of Frederick A. Jones are time-barred.  "If a person against whom an action may be brought on a liability of the person . . . dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." Cal. Code Civ. P. § 366.2.  California Probate Code provides an exception to this rule when a plaintiff sues a decedent's estate and the decedent was protected by insurance: "Notwithstanding Section 366.2 of the Code of Civil Procedure, if the limitations period otherwise applicable to the action has not expired at the time of the decedent's death, an action under this chapter may be commenced within one year after the expiration of the limitations period otherwise applicable."  Cal. Prob. Code § 551.

Plaintiff argues, pursuant to Probate Code § 550, that his claims were not time-barred from suing decedents' estates on the basis that the decedent would be subject to indemnification by the county.  See, e.g., Shortt v. County of Los Angeles, 11-CV-5484 DSF (JCGx), 2012 WL 13168214, at *3 (C.D. Cal. June 14, 2012) (denying motion to dismiss and finding, "Plaintiff has taken all necessary steps to ensure that Los Angeles County is given notice of the potential need for indemnification under § 825(a).  Because decedents are subject to indemnification, Plaintiff may sue their estates under Probate Code § 550.");  O'Connell v. Smith, No. 13-CV-01905 MWF (PJWx), 2013 WL 12348851, at *4 (C.D. Cal. Sept. 23, 2013) (denying motion for judgment on the pleadings and finding, "California Probate Code § 550(a) allows suits against estates protected by insurance.  Plaintiffs argue that the County's mandatory duty to defend and indemnify Gilbert Parra as a former County employee, pursuant to California Government Code §§ 825 and 995, is 'tantamount to liability insurance under Prob. Code. [sic] § 550.' . . . This argument has been accepted by other Courts before, and this Court sees no reason to do otherwise.") (citation omitted).

However, the "California Supreme Court has held that establishing proof of insurance coverage is essential to recovery under Probate Code § 550." Pelayo v. City of Downey, 570 F. Supp. 2d 1183, 1197 (C.D. Cal. 2008).  The Court finds that the recent decision Hanline v. County of Ventura is instructive.  See No. 15-CV-8808-VAP (AJWx), 2016 WL 3360672, at *3 (C.D. Cal. June 8, 2016).  There, the plaintiff argued that county agencies "'routinely' pay civil suit judgments against employees," and "this is an exception to section 366.2." Id. The court concluded that "[t]he practice Plaintiff describes is indemnification, not insurance.  Indemnification is not an exception to section 550." Id. Because the plaintiff had not "pled sufficient facts to allege that Officer McCoy was protected by insurance, . . . section 550 does not apply." Id.

Here, the First Amended Complaint states that "Defendant Estate of Frederick A. Jones is entitled to defense and indemnification by Ventura County. California Probate Code § 550 et seq. permits claims directly against an indemnified estate without the need to join the decedent's personal representatives or successor in interest as a party." (FAC at ¶28.)  Without more, Plaintiff has not pled sufficient facts to allege that Mr. Jones was protected by insurance that would trigger application of California Probate Code § 550.  According to section 366.2, Plaintiff should have brought his claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10385 PA (JDEx) | Date | September 24, 2019 |
|---|---|---|---|
| Title | Craig Coley v. Ventura County, et al. | | |

against this particular defendant within one year of the date of Mr. Jones's death in 1998. (Mot., Ex. A at 9.) The Court grants the motion to dismiss, as to this defendant.

### C. Detective Robert Klamser is not an Indispensable Party.

The Court finds that it can accord complete relief among the existing parties without joining Detective Klamser to this case. Compare A.D. v. California Highway Patrol, No. 07-CV-5483-SI, 2009 U.S. Dist. LEXIS 21194, at *6 (N.D. Cal. Mar. 17, 2009) (denying motion to dismiss and holding that "if a party can recover damages sufficient to compensate for his or her injuries from the defendants already in the action, additional parties that are also jointly and severally liable are not needed to afford complete relief."); Hurley v. Horizon Project, Inc., No. 08-CV-1365-ST, 2009 U.S. Dist. LEXIS 124632, at *25 (D. Or. Dec. 3, 2009) (finding the State was not a necessary party because "[t]he county defendants remain[ed] free to contend that Hurley's injuries were caused by the State's actions. . . . Because the State will not be present to defend itself, it is difficult to understand how its absence will prejudice the county defendants."). Additionally, disposing of this action in Detective Klamser's absence will not impede his ability to protect his interests, or run the risk of Defendants incurring multiple or inconsistent obligations, because he has already reached a settlement with Plaintiff. Compare Community Health Care Ass'n v. Mahon, 106 F. Supp. 2d 523, 530 (S.D.N.Y. 2000) ("Rule 19 does not mandate that all claims relating to an action be resolved in one proceeding.").

"Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied." Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) (noting that potential joint tortfeasors "were merely permissive parties."). For these reasons, Defendants have failed to show that dismissal of the action is warranted on the basis that Plaintiff did not join an indispensable party.

### Conclusion

For the foregoing reasons, the Court denies in part and grants in part Defendants' Motion to Dismiss. The Court DENIES Defendants' Motion to Dismiss on the grounds that Plaintiff's Claims 2-9 are barred by the applicable statute of limitations. The Court DENIES Defendants' Motion to Dismiss on the grounds that Plaintiff has failed to join an indispensable party. Finally, the Court GRANTS Defendants' Motion to Dismiss on the grounds that Plaintiff's Claims against Defendant Estate of Frederick A. Jones are time-barred under Cal. Code. Civ. P. § 366.2. Defendants shall file an Answer within 14 days of the entry of this order.

IT IS SO ORDERED.