1  Eugene P. Ramirez (State Bar No. 134865)
     *epr@manningllp.com*
2  Angela M. Powell (State Bar No. 191876)
     *amp@manningllp.com*
3  Michael Watts (State Bar No. 312210)
     *mrw@manningllp.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
8  Attorneys for Defendants, COUNTY OF
   VENTURA, WILLIAM HANEY, SR., JAMES
   HENDERSON, EDWARD VAZQUEZ, JAMES
9  SCHWARZ, SANDRA TAYLOR, SHANIN
   SULLIVAN, SANDRA VANNI, and NORM
10 FORT

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  CRAIG COLEY, | Case No. 2:18-CV-10385-PA-JDE |
| 15             Plaintiff, | *[Hon. Percy Anderson]* |
| 16        v. | |
| 17  VENTURA COUNTY; WILLIAM MAXWELL; FRED JONES; KEVIN McGEE; WILLIAM HANEY, SR.; JAMES HENDERSON; GLEN KITZMANN; EDWARD VASQUEZ; AL JALATY; NORMA FORT; TOM KOTOWSKI; ROBERT KERR; GARY SMITH; DEPUTY SCHWARTZ; DEPUTY TAYLOR; SANDRA VANNI; SHANIN SULLIVAN; ROBERT RUBIN; DAN SHONEMAN; and DOES 1-10, Inclusive, | **ANSWER OF DEFENDANTS COUNTY OF VENTURA, WILLIAM HANEY, SR.; JAMES HENDERSON; EDWARD VAZQUEZ; JAMES SCHWARZ; SANDRA TAYLOR; SHANIN SULLIVAN; SANDRA VANNI; AND NORM FORT; DEMAND FOR JURY TRIAL** |
| 23           Defendants. | FAC Filed: July 19, 2019 |

25        Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants

26  COUNTY OF VENTURA, WILLIAM HANEY, SR., JAMES HENDERSON,

27  EDWARD VAZQUEZ, JAMES SCHWARZ, SANDRA TAYLOR, SHANIN

28  SULLIVAN, SANDRA VANNI, and NORM FORT ("Defendants") answer the

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

First Amended Complaint of Plaintiff CRAIG COLEY ("Plaintiff") filed on July 19, 2019.  If an averment is not specifically admitted, it is hereby denied.

## <u>INTRODUCTION</u>

Answering Paragraph 1, Defendants admit that plaintiff was incarcerated for nearly thirty-nine years. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 2, Defendants admit that California Governor Brown issued a pardon to plaintiff on November 22, 2017. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 3, Defendants admit that Rhonda Wicht and Donald Wicht were murdered on or about November 11, 1978. Defendants also admit that Simi Valley Police Department Detective Klamser was an investigator on the murder case. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 4, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 5, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 6, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 7, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 8, Defendants deny the allegations contained therein.

Answering Paragraph 9, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 10, Defendants admit that plaintiff was tried and convicted for the murders, but deny the remaining allegations contained therein.

Answering Paragraph 11, Defendants deny the allegations contained therein.

Answering Paragraph 12, Defendants deny the allegations contained therein.

Answering Paragraph 13, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 14, Defendants admit that California Governor Brown issued a pardon to plaintiff on November 22, 2017. Defendants further admit that on November 29, 2017, the Ventura County Superior Court issued an order vacating plaintiff's convictions. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

3

1       Answering Paragraph 15, Defendants lack sufficient knowledge or

2   information to form a belief concerning the truth of the factual allegations contained

3   therein and on that basis deny such allegations. Defendants deny the alleged

4   violations and deny all liability to plaintiff.

5       Answering Paragraph 16, Defendants lack sufficient knowledge or

6   information to form a belief concerning the truth of the factual allegations contained

7   therein and on that basis deny such allegations. Defendants deny the alleged

8   violations and deny all liability to plaintiff.

9       Answering Paragraph 17, Defendants deny the allegations contained therein.

10       Answering Paragraph 18, Defendants deny the allegations contained therein.

11       Answering Paragraph 19, Defendants lack sufficient knowledge or

12   information to form a belief concerning the truth of the factual allegations contained

13   therein and on that basis deny such allegations. Defendants deny the alleged

14   violations and deny all liability to plaintiff.

15       Answering Paragraph 20, Defendants deny the alleged violations and deny all

16   liability to plaintiff.

17       Answering Paragraph 21, Defendants admit that plaintiff brings his action

18   pursuant to 42 U.S.C. §1983. Defendants deny the alleged violations and deny all

19   liability to plaintiff.

20       Answering Paragraph 22, Defendants admit that this Court has jurisdiction.

21   Defendants deny the alleged violations and deny all liability to plaintiff.

22       Answering Paragraph 23, Defendants admit that venue is proper in this Court.

23   Defendants deny the alleged violations and deny all liability to plaintiff.

24       Answering Paragraph 24, no factual allegations are made therein, and on that

25   basis the paragraph goes unanswered. Paragraph 24 further contains legal

26   conclusions and argument as to which no response is required.

27       Answering Paragraph 25, Defendants lack sufficient knowledge or

28   information to form a belief concerning the truth of the factual allegations contained

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   therein and on that basis deny such allegations.

2       Answering Paragraph 26, Defendants admit the Ventura County is and was a

3   public entity operating under the laws of the State of California and that the Ventura

4   County District Attorney's Office is and was an agency of Ventura County.

5   Defendants lack sufficient knowledge or information to form a belief concerning the

6   truth of the remaining factual allegations contained therein and on that basis deny

7   such allegations.

8       Answering Paragraph 27, Defendants lack sufficient knowledge or

9   information to form a belief concerning the truth of the factual allegations contained

10  therein and on that basis deny such allegations.

11      Answering Paragraph 28, Defendants lack sufficient knowledge or

12  information to form a belief concerning the truth of the factual allegations contained

13  therein and on that basis deny such allegations. Paragraph 28 further contains legal

14  conclusions and argument as to which no response is required.

15      Answering Paragraph 29, Defendants lack sufficient knowledge or

16  information to form a belief concerning the truth of the factual allegations contained

17  therein and on that basis deny such allegations.

18      Answering Paragraph 30, Defendants lack sufficient knowledge or

19  information to form a belief concerning the truth of the factual allegations contained

20  therein and on that basis deny such allegations.

21      Answering Paragraph 31, Defendants lack sufficient knowledge or

22  information to form a belief concerning the truth of the factual allegations contained

23  therein and on that basis deny such allegations.

24      Answering Paragraph 32, Defendants lack sufficient knowledge or

25  information to form a belief concerning the truth of the factual allegations contained

26  therein and on that basis deny such allegations.

27      Answering Paragraph 33, Defendants lack sufficient knowledge or

28  information to form a belief concerning the truth of the factual allegations contained

Manning&Kass

Ellrod, Ramirez, Trester LLP
Attorneys at Law

therein and on that basis deny such allegations. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 34, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

Answering Paragraph 35, Defendants deny the allegations contained therein.

Answering Paragraph 36, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 37, Defendants deny the allegations contained therein.

Answering Paragraph 38, Defendants deny the allegations contained therein.

Answering Paragraph 39, Defendants admit that Rhonda Wicht and Donald Wicht were murdered on or about November 11, 1978. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 40, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 41, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 42, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 43, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 44, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained

1    therein and on that basis deny such allegations.

2        Answering Paragraph 45, Defendants lack sufficient knowledge or

3    information to form a belief concerning the truth of the factual allegations contained

4    therein and on that basis deny such allegations.

5        Answering Paragraph 46, Defendants deny the allegations contained therein.

6        Answering Paragraph 47, Defendants lack sufficient knowledge or

7    information to form a belief concerning the truth of the factual allegations contained

8    therein and on that basis deny such allegations.

9        Answering Paragraph 48, Defendants lack sufficient knowledge or

10   information to form a belief concerning the truth of the factual allegations contained

11   therein and on that basis deny such allegations.

12       Answering Paragraph 49, Defendants deny the allegations contained therein.

13       Answering Paragraph 50, Defendants deny the allegations contained therein.

14       Answering Paragraph 51, Defendants deny the allegations contained therein.

15       Answering Paragraph 52, Defendants deny the allegations contained therein.

16       Answering Paragraph 53, Defendants deny the allegations contained therein.

17       Answering Paragraph 54, Defendants deny the allegations contained therein.

18       Answering Paragraph 55, Defendants deny the allegations contained therein.

19       Answering Paragraph 56, Defendants deny the allegations contained therein.

20       Answering Paragraph 57, Defendants lack sufficient knowledge or

21   information to form a belief concerning the truth of the factual allegations contained

22   therein and on that basis deny such allegations.

23       Answering Paragraph 58, Defendants lack sufficient knowledge or

24   information to form a belief concerning the truth of the factual allegations contained

25   therein and on that basis deny such allegations.

26       Answering Paragraph 59, Defendants lack sufficient knowledge or

27   information to form a belief concerning the truth of the factual allegations contained

28   therein and on that basis deny such allegations.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Answering Paragraph 60, Defendants deny the allegations contained therein.

2    Answering Paragraph 61, Defendants deny the allegations contained therein.

3    Answering Paragraph 62, Defendants lack sufficient knowledge or

4 information to form a belief concerning the truth of the factual allegations contained

5 therein and on that basis deny such allegations.

6    Answering Paragraph 63, Defendants deny the allegations contained therein.

7    Answering Paragraph 64, Defendants deny the allegations contained therein.

8    Answering Paragraph 65, Defendants lack sufficient knowledge or

9 information to form a belief concerning the truth of the factual allegations contained

10 therein and on that basis deny such allegations.

11    Answering Paragraph 66, Defendants lack sufficient knowledge or

12 information to form a belief concerning the truth of the factual allegations contained

13 therein and on that basis deny such allegations.

14    Answering Paragraph 67, Defendants deny the allegations contained therein.

15    Answering Paragraph 68, Defendants lack sufficient knowledge or

16 information to form a belief concerning the truth of the factual allegations contained

17 therein and on that basis deny such allegations.

18    Answering Paragraph 69, Defendants deny the allegations contained therein.

19    Answering Paragraph 70, Defendants deny the allegations contained therein.

20    Answering Paragraph 71, Defendants deny the allegations contained therein.

21    Answering Paragraph 72, Defendants deny the allegations contained therein.

22    Answering Paragraph 73, Defendants lack sufficient knowledge or

23 information to form a belief concerning the truth of the factual allegations contained

24 therein and on that basis deny such allegations.

25    Answering Paragraph 74, Defendants lack sufficient knowledge or

26 information to form a belief concerning the truth of the factual allegations contained

27 therein and on that basis deny such allegations.

28    Answering Paragraph 75, Defendants deny the allegations contained therein.

Manning&Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

Answering Paragraph 76, Defendants deny the allegations contained therein.

Answering Paragraph 77, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 78, Defendants deny the allegations contained therein.

Answering Paragraph 79, Defendants deny the allegations contained therein.

Answering Paragraph 80, Defendants deny the allegations contained therein.

Answering Paragraph 81, Defendants deny the allegations contained therein.

Answering Paragraph 82, Defendants deny the allegations contained therein.

Answering Paragraph 83, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 84, Defendants deny the allegations contained therein.

Answering Paragraph 85, Defendants deny the allegations contained therein.

Answering Paragraph 86, Defendants deny the allegations contained therein.

Answering Paragraph 87, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 88, Defendants deny the allegations contained therein.

Answering Paragraph 89, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 90, Defendants deny the allegations contained therein.

Answering Paragraph 91, Defendants deny the allegations contained therein.

Answering Paragraph 92, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 93, Defendants deny the allegations contained therein.

1    Answering Paragraph 94, Defendants deny the allegations contained therein.

2    Answering Paragraph 95, no factual allegations are made therein, and on that

3  basis the paragraph goes unanswered. Paragraph 95 further contains legal

4  conclusions and argument as to which no response is required.

5    Answering Paragraph 96, Defendants lack sufficient knowledge or

6  information to form a belief concerning the truth of the factual allegations contained

7  therein and on that basis deny such allegations.

8    Answering Paragraph 97, Defendants lack sufficient knowledge or

9  information to form a belief concerning the truth of the factual allegations contained

10  therein and on that basis deny such allegations.

11    Answering Paragraph 98, Defendants lack sufficient knowledge or

12  information to form a belief concerning the truth of the factual allegations contained

13  therein and on that basis deny such allegations.

14    Answering Paragraph 99, Defendants lack sufficient knowledge or

15  information to form a belief concerning the truth of the factual allegations contained

16  therein and on that basis deny such allegations.

17    Answering Paragraph 100, Defendants lack sufficient knowledge or

18  information to form a belief concerning the truth of the factual allegations contained

19  therein and on that basis deny such allegations.

20    Answering Paragraph 101, Defendants deny the allegations contained therein.

21    Answering Paragraph 102, Defendants deny the allegations contained therein.

22    Answering Paragraph 103, Defendants lack sufficient knowledge or

23  information to form a belief concerning the truth of the factual allegations contained

24  therein and on that basis deny such allegations.

25    Answering Paragraph 104, Defendants deny the allegations contained therein.

26    Answering Paragraph 105, Defendants lack sufficient knowledge or

27  information to form a belief concerning the truth of the factual allegations contained

28  therein and on that basis deny such allegations.

Answering Paragraph 106, Defendants deny the allegations contained therein.

Answering Paragraph 107, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 108, Defendants admit that California Governor Brown issued a pardon to plaintiff on November 22, 2017. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 109, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 110, Defendants admit that on November 29, 2017, the Ventura County Superior Court issued an order vacating plaintiff's convictions and an order finding him factually innocent. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny such allegations.

Answering Paragraph 111, Defendants deny the allegations contained therein. Paragraph 111 further contains legal conclusions and argument as to which no response is required.

Answering Paragraph 112, Defendants deny the allegations contained therein.

Answering Paragraph 113, Defendants deny the allegations contained therein.

Answering Paragraph 114, Defendants deny the allegations contained therein. Paragraph 114 further contains legal conclusions and argument as to which no response is required.

Answering Paragraph 115, Defendants deny the allegations contained therein.

Answering Paragraph 116, Defendants deny the allegations contained therein.

Answering Paragraph 117, Defendants deny the allegations contained therein.

Answering Paragraph 118, Defendants deny the allegations contained therein.

1      Answering Paragraph 119, Defendants deny the allegations contained therein.

2      Answering Paragraph 120, Defendants deny the allegations contained therein.

3      Answering Paragraph 121, Defendants lack sufficient knowledge or

4  information to form a belief concerning the truth of the factual allegations contained

5  therein and on that basis deny such allegations.

6      Answering Paragraph 122, Defendants lack sufficient knowledge or

7  information to form a belief concerning the truth of the factual allegations contained

8  therein and on that basis deny such allegations.

9      Answering Paragraph 123, Defendants lack sufficient knowledge or

10  information to form a belief concerning the truth of the factual allegations contained

11  therein and on that basis deny such allegations.

12      Answering Paragraph 124, Defendants lack sufficient knowledge or

13  information to form a belief concerning the truth of the factual allegations contained

14  therein and on that basis deny such allegations.

15      Answering Paragraph 125, Defendants deny the allegations contained therein.

16      Answering Paragraph 126, Defendants deny the allegations contained therein.

17      Answering Paragraph 127, Defendants deny the allegations contained therein.

18      Answering Paragraph 128, Defendants lack sufficient knowledge or

19  information to form a belief concerning the truth of the factual allegations contained

20  therein and on that basis deny such allegations.

21      Answering Paragraph 129, Defendants lack sufficient knowledge or

22  information to form a belief concerning the truth of the factual allegations contained

23  therein and on that basis deny such allegations. Defendants deny the alleged

24  violations and deny all liability to plaintiff.

25      Answering Paragraph 130, Defendants lack sufficient knowledge or

26  information to form a belief concerning the truth of the factual allegations contained

27  therein and on that basis deny such allegations. Defendants deny the alleged

28  violations and deny all liability to plaintiff.

12

1    Answering Paragraph 131, Defendants deny the allegations contained therein.

2    Answering Paragraph 132, Defendants lack sufficient knowledge or

3    information to form a belief concerning the truth of the factual allegations contained

4    therein and on that basis deny such allegations. Paragraph 132 further contains legal

5    conclusions and argument as to which no response is required.

6    Answering Paragraph 133, Defendants deny the allegations contained therein.

7    Answering Paragraph 134, no factual allegations are made therein, and on that

8    basis the paragraph goes unanswered. Paragraph 134 further contains legal

9    conclusions and argument as to which no response is required. Defendants deny the

10   alleged violations and deny all liability to plaintiff.

11   Answering Paragraph 135, which incorporates by reference the allegations of

12   other paragraphs of the first amended complaint, Defendants to the same extent

13   incorporate by reference the answers provided herein to those paragraphs.

14   Answering Paragraph 136, Defendants deny the allegations contained therein.

15   Answering Paragraph 137, Defendants deny the allegations contained therein.

16   Answering Paragraph 138, Defendants deny the allegations contained therein.

17   Answering Paragraph 139, Defendants deny the allegations contained therein.

18   Answering Paragraph 140, Defendants deny the allegations contained therein.

19   Answering Paragraph 141, Defendants deny the allegations contained therein.

20   Answering Paragraph 142, Defendants deny the allegations contained therein.

21   Answering Paragraph 143, no factual allegations are made therein, and on that

22   basis the paragraph goes unanswered. Paragraph 143 further contains legal

23   conclusions and argument as to which no response is required. Defendants deny the

24   alleged violations and deny all liability to plaintiff.

25   Answering Paragraph 144, Defendants deny the allegations contained therein.

26   Answering Paragraph 145, Defendants deny the allegations contained therein.

27   Answering Paragraph 146, Defendants deny the allegations contained therein.

28   Answering Paragraph 147, no factual allegations are made therein, and on that

13

basis the paragraph goes unanswered. Paragraph 147 further contains legal conclusions and argument as to which no response is required. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 148, which incorporates by reference the allegations of other paragraphs of the first amended complaint, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

Answering Paragraph 149, Defendants deny the allegations contained therein.

Answering Paragraph 150, Defendants deny the allegations contained therein.

Answering Paragraph 151, Defendants deny the allegations contained therein.

Answering Paragraph 152, Defendants deny the allegations contained therein.

Answering Paragraph 153, no factual allegations are made therein, and on that basis the paragraph goes unanswered. Paragraph 153 further contains legal conclusions and argument as to which no response is required. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 154, which incorporates by reference the allegations of other paragraphs of the first amended complaint, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

Answering Paragraph 155, Defendants deny the allegations contained therein.

Answering Paragraph 156, Defendants deny the allegations contained therein.

Answering Paragraph 157, Defendants deny the allegations contained therein.

Answering Paragraph 158, Defendants deny the allegations contained therein.

Answering Paragraph 159, no factual allegations are made therein, and on that basis the paragraph goes unanswered. Paragraph 159 further contains legal conclusions and argument as to which no response is required. Defendants deny the alleged violations and deny all liability to plaintiff.

Answering Paragraph 160, Defendants deny the allegations contained therein.

Answering Paragraph 161, Defendants deny the allegations contained therein.

Answering Paragraph 162, Defendants deny the allegations contained therein.

14

1    Answering Paragraph 163, no factual allegations are made therein, and on that

2   basis the paragraph goes unanswered. Paragraph 163 further contains legal

3   conclusions and argument as to which no response is required. Defendants deny the

4   alleged violations and deny all liability to plaintiff.

5    Answering Paragraph 164, which incorporates by reference the allegations of

6   other paragraphs of the first amended complaint, Defendants to the same extent

7   incorporate by reference the answers provided herein to those paragraphs.

8    Answering Paragraph 165, Defendants deny the allegations contained therein.

9    Answering Paragraph 166, no factual allegations are made therein, and on that

10   basis the paragraph goes unanswered. Paragraph 166 further contains legal

11   conclusions and argument as to which no response is required. Defendants deny the

12   alleged violations and deny all liability to plaintiff.

13    Answering Paragraph 167, Defendants deny the allegations contained therein.

14    Answering Paragraph 168, Defendants deny the allegations contained therein.

15    Answering Paragraph 169, Defendants deny the allegations contained therein.

16    Answering Paragraph 170, Defendants deny the allegations contained therein.

17    Answering Paragraph 171, Defendants deny the allegations contained therein.

18    Answering Paragraph 172, no factual allegations are made therein, and on that

19   basis the paragraph goes unanswered. Paragraph 172 further contains legal

20   conclusions and argument as to which no response is required. Defendants deny the

21   alleged violations and deny all liability to plaintiff.

22    Answering Paragraph 173, which incorporates by reference the allegations of

23   other paragraphs of the first amended complaint, Defendants to the same extent

24   incorporate by reference the answers provided herein to those paragraphs.

25    Answering Paragraph 174, Defendants deny the allegations contained therein.

26    Answering Paragraph 175, Defendants deny the allegations contained therein.

27    Answering Paragraph 176, Defendants deny the allegations contained therein.

28    Answering Paragraph 177, Defendants deny the allegations contained therein.

1    Answering Paragraph 178, Defendants deny the allegations contained therein.

2    Answering Paragraph 179, Defendants deny the allegations contained therein.

3    Answering Paragraph 180, no factual allegations are made therein, and on that

4    basis the paragraph goes unanswered. Paragraph 180 further contains legal

5    conclusions and argument as to which no response is required. Defendants deny the

6    alleged violations and deny all liability to plaintiff.

7    Answering Paragraph 181, which incorporates by reference the allegations of

8    other paragraphs of the first amended complaint, Defendants to the same extent

9    incorporate by reference the answers provided herein to those paragraphs.

10    Answering Paragraph 182, Defendants deny the allegations contained therein.

11    Answering Paragraph 183, Defendants deny the allegations contained therein.

12    Answering Paragraph 184, Defendants deny the allegations contained therein.

13    Answering Paragraph 185, Defendants deny the allegations contained therein.

14    Answering Paragraph 186, Defendants deny the allegations contained therein.

15    Answering Paragraph 187, no factual allegations are made therein, and on that

16    basis the paragraph goes unanswered. Paragraph 187 further contains legal

17    conclusions and argument as to which no response is required. Defendants deny the

18    alleged violations and deny all liability to plaintiff.

19    Answering Paragraph 188, which incorporates by reference the allegations of

20    other paragraphs of the first amended complaint, Defendants to the same extent

21    incorporate by reference the answers provided herein to those paragraphs.

22    Answering Paragraph 189, Defendants deny the allegations contained therein.

23    Paragraph 189 further contains legal conclusions and argument as to which no

24    response is required.

25    Answering Paragraph 190, Defendants deny the allegations contained therein.

26    Answering Paragraph 191, Defendants deny the allegations contained therein.

27    Answering Paragraph 192, no factual allegations are made therein, and on that

28    basis the paragraph goes unanswered. Paragraph 192 further contains legal

16

1  conclusions and argument as to which no response is required. Defendants deny the

2  alleged violations and deny all liability to plaintiff.

3      Answering Paragraph 193, which incorporates by reference the allegations of

4  other paragraphs of the first amended complaint, Defendants to the same extent

5  incorporate by reference the answers provided herein to those paragraphs.

6      Answering Paragraph 194, no factual allegations are made therein, and on that

7  basis the paragraph goes unanswered. Paragraph 194 further contains legal

8  conclusions and argument as to which no response is required. Defendants deny the

9  alleged violations and deny all liability to plaintiff.

10     Answering Paragraph 195, Defendants deny the allegations contained therein.

11     Answering Paragraph 196, Defendants deny the allegations contained therein.

12     Answering Paragraph 197, no factual allegations are made therein, and on that

13  basis the paragraph goes unanswered. Paragraph 197 further contains legal

14  conclusions and argument as to which no response is required. Defendants deny the

15  alleged violations and deny all liability to plaintiff.

16     Answering Paragraph 198, no factual allegations are made therein, and on that

17  basis the paragraph goes unanswered. Paragraph 198 further contains legal

18  conclusions and argument as to which no response is required. Defendants deny the

19  alleged violations and deny all liability to plaintiff.

20     Answering Paragraph 199, which incorporates by reference the allegations of

21  other paragraphs of the first amended complaint, Defendants to the same extent

22  incorporate by reference the answers provided herein to those paragraphs.

23     Answering Paragraph 200, Defendants deny the allegations contained therein.

24     Answering Paragraph 201, Defendants deny the allegations contained therein.

25     Answering Paragraph 202, no factual allegations are made therein, and on that

26  basis the paragraph goes unanswered. Paragraph 202 further contains legal

27  conclusions and argument as to which no response is required. Defendants deny the

28  alleged violations and deny all liability to plaintiff.

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

## PRAYER FOR RELIEF

In answer to Plaintiff's prayer for relief at page 54 of the first amended complaint, Defendants deny all liability to plaintiff, including but not limited to all liability for any damages (general, special, exemplary or otherwise), penalties, fees, or costs of any kind, or any relief of any kind from any of the Defendants to the plaintiff.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper. As separate and affirmative defenses, defendants allege as follows:[1]

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint also fails to state a claim against any defendant(s) in this action.

2.      Plaintiff has failed to allege in the complaint sufficient facts to state a claim for compensatory or punitive damages for any action taken by any defendant in his individual or official capacity.

## SECOND AFFIRMATIVE DEFENSE

3.      Defendants deny that plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or by the Constitution or laws of the State of California, and therefore defendants are immune from liability.

## THIRD AFFIRMATIVE DEFENSE

4.      Plaintiff's action is time-barred by the operative statute(s) of

---

[1] For the purposes of the affirmative defenses, it should be noted that some defenses listed hereunder are not true "affirmative" defenses wherein the defendants asserting such bears the burden of proof – and nothing in this Answer to Plaintiff's Complaint shall be construed as defendants assuming the burden of proof for any defenses that are not construed as affirmative defenses under the operative law.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

limitations. Plaintiff's complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(c), 338(d), 339, 340(3) and/or 343.

5. Plaintiff's action is barred by laches and delay on the plaintiff's part to the prejudice of defendants.

**FOURTH AFFIRMATIVE DEFENSE**

6. The complaint is barred based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit. This action is barred by the plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.,* including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 950.2 and 950.6, to the extent applicable.

7. Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

8. Plaintiff's recovery is barred because the factual allegations of the complaint do not correspond with the facts set forth in plaintiff's written claim. The complaint thereby alleges a factual basis for recovery, which is not fairly reflected in the written claim.

**FIFTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred or limited by plaintiff's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent plaintiff suffered any injury or damages, it was the result of plaintiff's own negligent or deliberate actions or omissions.

10. Plaintiff's recovery is barred because any injury or damage suffered by or to plaintiff was caused solely by reason of the plaintiff's wrongful acts and conduct. The conduct set forth in the complaint, if and to the extent it occurred, was

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

privileged and justified and done with a good faith belief that it was correct and therefore no action may be taken against the answering defendants on account of such conduct.

**SIXTH AFFIRMATIVE DEFENSE**

11.    Defendants allege that plaintiff's action is barred by reason of conduct, as plaintiff's actions and inactions amount to and constitute a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the complaint, or that such conduct otherwise estops plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

12.    Plaintiff's claims are barred or limited to the extent plaintiff failed to mitigate plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

13.    Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

14.    The answering defendants are informed and believe and thereon allege that if plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendant(s) and/or entities or persons other than the answering defendants.  To the extent that any plaintiff's damages were so caused, any recovery by plaintiff as against the answering defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

20

### NINTH AFFIRMATIVE DEFENSE

15.     There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

16.     Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

17.     A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, the answering defendants are immune from liability for any injuries claimed by plaintiff, herein.

18.     Answering defendants are immune for any detriment resulting from any of their actions or omissions at the time of the incident of which plaintiff complains pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

### TENTH AFFIRMATIVE DEFENSE

19.     Defendants and their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

21

20.     Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer/attorney could believe that their acts and conduct were appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendants are also immune from liability under the doctrine of Qualified Immunity.

21.     At all relevant times, defendants acted within the scope of discretion, with due care, and a good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## ELEVENTH AFFIRMATIVE DEFENSE

22.     At the time and place referred to in the complaint for damages, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of rights, or death.

## TWELFTH AFFIRMATIVE DEFENSE

23.     The complaint is barred under the doctrine of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion).

## THIRTEENTH AFFIRMATIVE DEFENSE

24.     At the time of Trial, the answering defendants may elect to limit or diminish plaintiff's alleged damages of losses as provided and authorized by California Civil Code § 3333.1, California Civil Code § 3333.2 and California Code of Civil Procedure § 667.1, and the provisions of Proposition 51 as enacted into law

1  in the State of California.

2       25.     In the event that the answering defendants herein are found to be liable

3  for damages to plaintiff, the liability, if any, for any amount of non-economic

4  damages, if awarded, shall be reduced or limited pursuant to Civil Code § 1431.2, in

5  direct proportion to each individual answering defendant's percentage of negligence

6  or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether

7  joined as defendants or not; and a separate judgment shall be rendered against each

8  answering defendant for such amount.

9                         **FOURTEENTH AFFIRMATIVE DEFENSE**

10      26.     The defendants owed no legal duty to plaintiff, as described in

11 plaintiff's complaint, or otherwise.

12                          **FIFTEENTH AFFIRMATIVE DEFENSE**

13      27.     To the extent that plaintiff suffered any detriment, such detriment was

14 unavoidable.

15      28.     The damages or injuries complained of by plaintiff, if any, were the

16 result of an emergency situation, not created by any fault of defendants, and into

17 which the defendants were suddenly and unexpectedly placed.

18      29.     The answering defendants are informed and believe and thereon allege

19 that the damages complained of in plaintiff's complaint, if any, resulted from an

20 unforeseeable and superseding cause, thereby barring either partially or totally,

21 plaintiff's claimed damages herein.  The answering defendants are informed and

22 believe and thereon allege that each and all of the purported causes of action and

23 theories of relief asserted by plaintiff in the complaint are barred by virtue of an

24 independent intervening cause.

25                          **SIXTEENTH AFFIRMATIVE DEFENSE**

26      30.     Plaintiff's claims are barred for failure to join an indispensable party

27 under Federal Rule of Civil Procedure 19.

28 ///

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.    To the extent that the complaint attempts to predicate liability upon any public entity defendant or any employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and  *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to defendants, by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the complaint.  *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

## EIGHTEENTH AFFIRMATIVE DEFENSE

32.    The defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## NINETEENTH AFFIRMATIVE DEFENSE

33.    Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law.  Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc*. 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

34.    At no time and place mentioned in the complaint for damages, did defendants act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right, or cause any other injury and, therefore,

1  defendants are immune from liability.

2      35.    Any claim for punitive damages is unconstitutional and invalid in that

3  it violates the United States Constitution, including but not limited to the Due

4  Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth,

5  Sixth, Eighth, and/or Ninth Amendments.

6                    **TWENTIETH AFFIRMATIVE DEFENSE**

7      36.    The acts complained of by plaintiff were committed in the course of

8  making a lawful seizure, arrest, and/or search.  In making this lawful seizure, the

9  officers used only reasonable force.

10     37.    Any use of force by defendants was privileged as being objectively

11  reasonable and/or in lawful self-defense or defense of third parties and/or as being

12  appropriate to overcome resistance and/or to redress the commission of a public

13  offense and/or because peace officers had reasonable cause to believe that plaintiff

14  had committed a public offense and/or that exigent circumstances existed, including

15  but not limited to an immediate threat of death or serious bodily injury to defendant

16  City's peace officers or to others.

17     38.    Plaintiff's claims related to peace officers' use of force is barred

18  because a peace officer making a detention or arrest need not retreat in the face of

19  resistance and cannot be deemed the aggressor or lose their right to self-defense by

20  using force.

21     39.    In the detention/arrest at issue, if any, plaintiff was subjected to a

22  reasonable amount of force for the protection of the officers or to prevent escape of

23  the person(s) detained or to prevent the loss of property, all pursuant to Cal. Penal

24  Code §§ 835a and 490.5.

25     40.    Defendants deny that plaintiff has been deprived of any rights,

26  privileges, or immunities guaranteed by the Constitution or laws of the United States

27  or by the Constitution or laws of the State of California, and therefore defendants

28  are immune from liability.

41. Plaintiff has suffered no actual injury due to defendants' conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's claims under the Federal Civil Right Act are barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

43. The plaintiff's claims for emotional distress are barred because defendants had no knowledge of plaintiff's susceptibility to emotional distress and plaintiff alleged no more than that which a reasonable person would have been able to adequately cope.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

44. Defendants and their agents or officers at all times relevant to this action acted in a prosecutorial capacity. Defendants therefore assert the individual defendants' Absolute Immunity from liability to the fullest extent applicable.

## RESERVATION OF AFFIRMATIVE DEFENSES

45. Because the complaint is couched in vague and conclusory terms, defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant(s) regarding any of plaintiff's claims, or elements thereof.

WHEREFORE, Defendants pray for relief as follows:

46. That the Complaint be dismissed, with prejudice and in its entirety;

47. That Plaintiff take nothing by reason of this First Amended Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

1       48.    That Defendants be awarded their costs incurred in defending this

2   action, including attorney fees;

3       49.    That Defendants be granted such other and further relief as the Court

4   may deem just and proper.

5

6   DATED:  October 8, 2019        **MANNING & KASS**

                      **ELLROD, RAMIREZ, TRESTER LLP**

7

8

9                   By:        /s/ Eugene P. Ramirez

10                      Eugene P. Ramirez, Esq.

                    Angela M. Powell, Esq.

11                      Michael Watts, Esq.

                    Attorneys for Defendants

12                      COUNTY OF VENTURA, WILLIAM

                    HANEY, SR., JAMES HENDERSON,

13                      EDWARD VAZQUEZ, JAMES

14                      SCHWARZ, SANDRA TAYLOR,

                    SHANIN SULLIVAN, SANDRA VANNI,

15                      and NORM FORT

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

3        Defendants, COUNTY OF VENTURA, WILLIAM HANEY, SR., JAMES

4    HENDERSON, EDWARD VAZQUEZ, JAMES SCHWARZ, SANDRA TAYLOR,

5    SHANIN SULLIVAN, SANDRA VANNI, and NORM FORT hereby demand a

6    trial by jury.

7

8    DATED:  October 8, 2019              **MANNING & KASS**

9                                         **ELLROD, RAMIREZ, TRESTER LLP**

10

11                                        By:        /s/ Eugene P. Ramirez

12                                              Eugene P. Ramirez, Esq.
                                               Angela M. Powell, Esq.

13                                            Michael Watts, Esq.
                                               Attorneys for Defendants

14                                            COUNTY OF VENTURA, WILLIAM
                                               HANEY, SR., JAMES HENDERSON,

15                                            EDWARD VAZQUEZ, JAMES
                                               SCHWARZ, SANDRA TAYLOR,

16                                            SHANIN SULLIVAN, SANDRA VANNI,

17                                            and NORM FORT

18
     G:\docsdata\EPR\Coley, Craig v. COV 4859-59379\Pleadings\Answer.001.docx
19

20

21

22

23

24

25

26

27

28